[Cite as *Bank of New York Mellon v. Bobo*, 2015-Ohio-4601.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON FKA | : | |
| THE BANK OF NEW YORK AS SUCCESSOR | : | |
| IN INTEREST TO JPMORGAN CHASE BANK, | : | |
| NATIONAL ASSOCIATION, AS TRUSTEE | : | |
| FOR C-BASS MORTGAGE LOAN ASSET- | : | |
| BACKED CERTIFICATES, SERIES 2003-CB4, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | Case No. 14CA22 |
| v. | : | |
| | : | DECISION AND |
| ELIZABETH BOBO, ET AL., | : | JUDGMENT ENTRY |
| | : | |
| Defendants-Appellants. | : | RELEASED 10/29/2015 |

APPEARANCES:

Elizabeth Bobo and Marilyn Bobo, Athens, Ohio, *pro se* appellants.[1]

Bryan T. Kostura and James S. Wertheim, McGlinchey Stafford, Cleveland, Ohio, for appellee.

Hoover, P.J.

{¶ 1} In this foreclosure action Elizabeth and Marilyn Bobo appeal the decision of the

Athens County Court of Common Pleas to grant The Bank of New York Mellon f/k/a The Bank

of New York as Successor in Interest to JPMorgan Chase Bank, National Association, as Trustee

for C-Bass Mortgage Loan Asset-Backed Certificates, Series 2003-CB4 ("BONY") summary

judgment. For the following reasons, we affirm the judgment of the trial court.

**I. Factual and Procedural Background**

---

[1] Attorney Bruce M. Broyles, Boardman, Ohio, briefed the issues for appeal. However, Attorney Broyles sought, and we granted, a motion to withdraw as counsel following submission of the appellate brief.

{¶ 2} In April 2003, New Century Mortgage Corporation ("New Century") loaned Elizabeth Bobo $102,000; and she executed a note promising to repay that principal balance plus interest. The note was secured by a mortgage on real property located in Athens County, Ohio. The mortgage was executed by both Elizabeth and Marilyn Bobo (hereinafter "appellants"). New Century assigned the mortgage to another entity in May 2003, which subsequently assigned it to BONY on February 20, 2008. A corrective assignment of mortgage was executed on February 12, 2013, to correct the name of the assignee (i.e. BONY) on the February 20, 2008 assignment of mortgage. The assignments were recorded.

{¶ 3} On April 15, 2013, BONY filed a complaint in foreclosure against the appellants, and others not party to this appeal, alleging that it was a person entitled to enforce the note and that appellants were in default on the note and mortgage. Copies of the promissory note, the mortgage, and the mortgage assignments were filed with the complaint. The copy of the promissory note attached to the complaint contained an undated and blank endorsement by New Century. Additionally, the copy of the mortgage attached to the complaint contained a handwritten portion adding "Marilyn I. Bobo, an unmarried woman" as a borrower, and was initialed by both appellants on each page and initialed under the handwritten text adding Marilyn Bobo as a borrower.

{¶ 4} The appellants filed an answer, affirmative defenses, and counterclaims on June 17, 2013.

{¶ 5} Subsequently, in early 2014, appellants were allegedly presented in response to a discovery request, an undated allonge purporting to transfer the promissory note from New Century to BONY.[2]

{¶ 6} On February 28, 2014, BONY filed a motion for summary judgment. In support of the motion, BONY attached the affidavit of Lori Ann Dasch ("Dasch"), an employee for Ocwen Loan Servicing, LLC ("Ocwen"), the company servicing the mortgage loan and business records. In the affidavit, Dasch averred that she was an employee of Ocwen, and that in the performance of her job functions she has access to and is familiar with Ocwen's business records relating to the servicing of the mortgage loan at issue in the case. Dasch stated, inter alia, that the appellants were in default on the note and mortgage, and owed $96,317.39, together with interest at the rate of 10.5 percent per year from July 1, 2011, plus advances for taxes and insurance. She also averred that notices of default, "true and accurate" copies of which were attached to the affidavit, were mailed to appellant Elizabeth Bobo on November 2, 2011, in accordance with the note and mortgage. Attached to the affidavit were copies of the note, the mortgage, the assignments of mortgage, the corrective assignment of mortgage, a payment history, and the notices of default mailed to both the address of the mortgaged property and to the P.O. Box that appellants used in their answer to the foreclosure complaint.

{¶ 7} The appellants filed a 96-page memorandum contra to summary judgment on March 14, 2014. The memorandum contra was supported by affidavits from both appellants and by other attached exhibits. Shortly thereafter, BONY filed its reply brief in support of its motion for summary judgment. On April 29, 2014, the trial court entered a decision granting summary

---

[2] A photograph of the undated allonge was attached to appellants' memorandum contra to summary judgment as Exhibit A. A copy of the allonge was not attached to BONY's complaint or to BONY's summary judgment materials.

judgment to BONY on its foreclosure complaint. An amended judgment entry was subsequently filed on May 5, 2014, granting summary judgment and a decree of foreclosure in favor of BONY. The amended judgment entry also dismissed appellants' counterclaims and added "no just reason for delay" language. Appellants filed a notice of appeal, contesting the trial court's order granting summary judgment to BONY on its complaint in foreclosure.

## II. Assignments of Error

{¶ 8} The appellants assert the following assignments of error for our review:

First Assignment of Error:

> The trial court erred in granting summary judgment to Appellee when there were genuine issues of material fact still in dispute.

Second Assignment of Error:

> The trial court erred in granting summary judgment to Appellee based upon the affidavit of Lori Ann Dasch.

Third Assignment of Error:

> The trial court erred in granting summary judgment when there was a genuine issue of material fact regarding Appellants Elizabeth L. Bobo and Marilyn Bob's [sic] receipt of the notice of default and notice of acceleration, and regarding Appellee's fulfillment of the condition precedent.

## III. Standard of Review

{¶ 9} We review the trial court's decision on a motion for summary judgment de novo. *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12. Accordingly, we afford no deference to the trial court's decision and independently review the record and the inferences that can be drawn from it to determine whether summary judgment is appropriate. *Harter v. Chillicothe Long-Term Care, Inc.*, 4th Dist. Ross No. 11CA3277, 2012-Ohio-2464, ¶ 12; *Grimes v. Grimes*, 4th Dist. Washington No. 08CA35, 2009-Ohio-3126, ¶ 16.

{¶ 10} Summary judgment is appropriate only when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *DIRECTV, Inc. v. Levin*, 128 Ohio St.3d 68, 2010-Ohio-6279, 941 N.E.2d 1187, ¶ 15. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the nonmoving party's favor.  Civ.R. 56(C). The party moving for summary judgment bears the initial burden to demonstrate that no genuine issues of material fact exist and that they are entitled to judgment in their favor as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). To meet its burden, the moving party must specifically refer to "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," that affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C); *Dresher* at 293. Moreover, the trial court may consider evidence not expressly mentioned in Civ.R. 56(C) if such evidence is incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E). *Discover Bank v. Combs*, 4th Dist. Pickaway No. 11CA25, 2012-Ohio-3150, ¶ 17; *Wagner v. Young*, 4th Dist. Athens No. CA1435, 1990 WL 119247, *4 (Aug. 8, 1990). Once that burden is met, the nonmoving party then has a reciprocal burden to set forth specific facts to show that there is a genuine issue for trial. *Dresher* at 293; Civ.R. 56(E).

## IV. Law & Analysis

{¶ 11} Appellants' assignments of error are interrelated, in that they each contend that the trial court erred in granting summary judgment in favor of BONY on its foreclosure claim

asserted against them. Accordingly, we will address the assignments of error jointly. Together, the assignments of error raise seven issues for review.

## A. The Appellants' Affidavits

{¶ 12} First, the appellants contend that their affidavits in opposition to the motion raised a genuine issue of material fact about whether BONY was in possession of the original promissory note and mortgage. The affidavits state that when the appellants inspected the alleged original note and mortgage, they discovered that their signatures were not authentic and that handwritten notations were allegedly added to the mortgage after it was executed by the parties.

{¶ 13}[3] "Mere speculation and unsupported conclusory assertions are not sufficient" to meet the nonmovant's reciprocal burden under Civ.R. 56(E) to withstand summary judgment. *Loveday v. Essential Heating Cooling & Refrig., Inc.,* 4th Dist. Gallia No. 08CA4, 2008–Ohio–4756, ¶ 9. A self-serving affidavit that is not corroborated by any evidence is insufficient to establish the existence of an issue of material fact. *Wells Fargo Bank v. Blough,* 4th Dist. Washington No. 08CA49, 2009–Ohio–3672, ¶ 18; *Deutsche Bank Natl. Trust Co. v. Doucet,* 10th Dist. Franklin No. 07AP–453, 2008–Ohio–589, ¶ 13 ("We also find that Doucet's self-serving affidavit, which was not corroborated by any evidence, is insufficient to establish the existence of material issues of fact."). " 'To conclude otherwise would enable the nonmoving party to avoid summary judgment in every case, crippling the use of Civ.R. 56 as a means to facilitate the early assessment of the merits of claims, pre-trial dismissal of meritless claims and defining and narrowing issues for trial.' " [Internal quotations omitted.] *Blough* at ¶ 18, quoting

---

[3] We note that several of appellants' arguments in support of their appeal are nearly identical to arguments raised by appellant Elizabeth Bobo in the similar and recently decided case of *U.S. Bank Natl. Assn. v. Bobo*, 4th Dist. Athens No. 13CA45, 2014-Ohio-4975. Because of the similarities of the cases, and because the same panel of judges decided the appeal in *U.S. Bank Natl. Assn. v. Bobo*, where appropriate we have adopted the language and analysis of our prior decision with slight modification.

*McPherson v. Goodyear Tire & Rubber Co.,* 9th Dist. Summit No. 21499, 2003–Ohio–7190, ¶ 36.

{¶ 14} Here, appellants claim that the promissory note and the mortgage held by BONY did not contain their authentic signatures. However, appellants submitted no corroborating summary judgment evidence to support that claim. Appellant Elizabeth Bobo's affidavit mentions that when she inspected and compared what BONY claimed were the original note and mortgage during the litigation to the copies she received at closing, she determined that her signature was not authentic because, inter alia, she is an expert in her own handwriting and because the blue ink was a different shade of blue than the ink used at closing. Likewise, appellant Marilyn Bobo's affidavit mentions that when she inspected and compared what BONY claimed was the original mortgage during litigation to the copy she received at closing, she determined that it was not authentic because, inter alia, the mortgage contained handwritten notations that were not allegedly present when she signed the mortgage at closing. However, neither Marilyn nor Elizabeth attached to their affidavit any of the copies they claimed to compare to the alleged originals inspected.

{¶ 15} The Tenth District Court of Appeals rejected a similar argument in *Fifth Third Bank v. Jones–Williams,* 10th Dist. Franklin No. 04AP–935, 2005–Ohio–4070, ¶¶ 28–29:

> In the Jones affidavit, appellant E. Paul Jones asserted that the promissory note and the mortgage "do not bear the bona fide signatures of E. Paul Jones and Deborah A. Jones–Williams." (Jones' Aff. ¶ 5.) Appellants did not present any additional evidence, other than this self-serving affidavit, in support of their argument that their signatures on the note and the mortgage were forged. For

example, appellants could have provided affidavits from non-expert witnesses who were familiar with their handwriting or an expert who could attest to the authenticity of their signatures. See Evid.R. 901. * * *

Based on the foregoing, we find appellants have not satisfied their reciprocal burden as the nonmoving party to identify evidence to demonstrate that any genuine issue of material fact regarding the validity of appellants' signatures must be preserved for trial.

{¶ 16} Likewise, we conclude that in the absence of corroborating evidence, appellants' self-serving affidavits challenging the authenticity of the note and mortgage held by BONY did not raise a genuine issue of material fact precluding summary judgment. Notably, appellants admit that they "do not dispute that they signed a promissory note." We reject appellants' first contention.

### B. The Alleged Separation of the Note and Mortgage

{¶ 17} Next, the appellants contend that the trial court erred in granting summary judgment in favor of BONY because genuine issues of material fact remained about whether the promissory note and mortgage were separated thus rendering any transfer of the mortgage void. Appellants rely on: (1) the allonge, which purported to negotiate the promissory note to BONY sometime during or after 2011[4]; and (2) the assignments of mortgage, transferring the mortgage to the intermediate entity in May 2003, and then to BONY on February 20, 2008. According to

---

[4] The undated allonge purporting to negotiate the promissory note from New Century to BONY was executed by Ocwen, as New Century's attorney-in-fact. Appellants also provided a document attached to their memorandum contra purporting to establish that servicing rights of the loan were transferred to Ocwen on September 1, 2011. [*See* Memorandum Contra, Ex. C.] Thus, appellants contend that the earliest that the allonge could have been executed was September 1, 2011.

appellants, these documents raise an issue regarding whether the note and mortgage were separated, with the note belonging to New Century until at least September 2011, and the mortgage being owned by the intermediate entity from May 2003 until February 2008, and then by BONY from 2008 and beyond.

{¶ 18} As an initial matter, we note that there is a potential issue about whether the appellants have standing to attack the validity of the transfer of the note and mortgage. "[A] defendant borrower in a foreclosure action lack[s] standing to challenge the validity of an assignment of a note and mortgage the borrower had executed where no dispute existed as to the fact that the borrower had defaulted on her payment obligations." *See JPMorgan Chase Bank, N.A. v. Romine*, 10th Dist. Franklin No. 13AP-58, 2013-Ohio-4212, ¶ 16, citing *LSF6 Mercury REO Invs. Trust Series 2008-1 v. Locke*, 10th Dist. Franklin No. 11AP-757, 2012-Ohio-4499, ¶ 29 ("The assignee bank filed the foreclosure complaint based on the homeowners' default under the note and mortgage, not because of the mortgage assignments, and the homeowners' default exposed them to foreclosure regardless of which party actually proceeded with foreclosure"), appeal not allowed, 134 Ohio St.3d 1470, 2013-Ohio-553, 983 N.E.2d 369; *see also Bank of New York Mellon v. Froimson*, 8th Dist. Cuyahoga No. 99443, 2013-Ohio-5574, ¶ 18, and cases cited therein ("the legal principle applied * * * – that a debtor may not challenge a mortgage assignment between an assignor and an assignee because the debtor is not a party to the assignment – has been applied in foreclosure actions in this district and in other courts applying Ohio law").

{¶ 19} Under cases like *Romine*, *supra*, and *LSF6*, *supra*, appellants would lack standing to attack the validity of the transfer of the note and mortgage. But the Tenth District Court of Appeals subsequently limited its holding in those cases so that in cases where R.C. Chapter 1303

applies, a debtor may challenge *the assignment of a note* if such a challenge fits the criteria of a

denial, defense, or claim in recoupment as outlined in R.C. 1303.36 or 1303.35. *Bank of*

*America, N.A. v. Pasqualone*, 10th Dist. Franklin No. 13AP-87, 2013-Ohio-5795, ¶ 35; *see also*

*Luper Neidenthal & Logan v. Albany Station, LLC*, 10th Dist. Franklin No. 13AP-651, 2014-

Ohio-2906, ¶ 13.

{¶ 20} Nevertheless, regardless of whether appellants lack standing to raise these

contentions, we note that BONY has always maintained that its right to enforce the note was

based on its possession of the note endorsed in blank; as opposed to the undated allonge

referenced by appellants. New Century endorsed the note in blank; and Dasch stated that, as of

the date of the complaint, BONY possessed the note with the blank endorsement. An

authenticated copy of the note with the blank endorsement was attached to the Dasch affidavit.

Such evidence sufficed to show that the note was properly negotiated to BONY. *See* R.C.

1303.25(B) ("When an instrument is indorsed in blank, [i.e., it does not identify the payee,] the

instrument becomes payable to bearer and may be negotiated by transfer of possession alone * *

*.").

{¶ 21} We also note that appellants fail to substantiate their claim that a separation of the

note and mortgage would render any transfer of the mortgage void. Appellants cite *Bank of New*

*York v. Dobbs,* 5th Dist. Knox No. 2009–CA–000002, 2009–Ohio–4742, ¶¶ 28, 38, claiming that

it stands for the proposition that "[t]he transfer of the mortgage without the transfer of the note

renders the mortgage invalid." [Appellants' Brief, pp. 11-12.] However, *Dobbs* does not stand

for such proposition. Rather, *Dobbs* reiterates the principle that the transfer of the instruments

separately does not sever the two and recognizes that the transfer of one implies the transfer of

the other. *Id*. at ¶¶ 28-29. Meanwhile, paragraph 38 of *Dobbs* addresses the effect of an attempt

to assign a note as opposed to transferring it through negotiation. The *Dobbs* court notably affirmed summary judgment in favor of the lender. *Id*. at ¶ 54.

{¶ 22} Further, both the note and the mortgage refer to each other. *See Note*, p. 3 ("In addition to the protections given to the Note Holder under this Note, a Mortgage * * * dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note."); *Mortgage*, p. 2 (" 'Note' means the promissory note signed by Borrower and dated April 25, 2003. The Note states that Borrower owes Lender One Hundred Two Thousand and No/100 Dollars (U.S. $ 102,000.00) plus interest. * * *."). Thus, the first assignment of mortgage in which New Century expressly assigned the mortgage to the intermediate party also sufficed to transfer the note to the intermediate party. *See Dobbs* at ¶¶ 31, 36 (holding that the assignment of a mortgage, without an express transfer of the note, is sufficient to transfer both the mortgage and the note, if the mortgage refers to the note and the note in turn refers to the mortgage). Furthermore, the first assignment of mortgage also included an express transfer of the note; further indicating that the mortgage and note were transferred together. For the same reasons, the second assignment of mortgage, documenting a transfer between the intermediate party and BONY, also evidences a transfer of both the mortgage and the note. Thus, BONY was not required to show a separate transfer of the note from New Century to the intermediate party and from the intermediate party to BONY.

{¶ 23} Accordingly, and contrary to appellants' argument, no genuine issue of material fact existed regarding whether the note and mortgage were separated. And even if the two instruments were separated, appellants have failed to properly support their proposition that the transfer of the mortgage without the transfer of the note would render the mortgage invalid. Appellants' separation argument is without merit.

## C. Robo-Signing and Notarization

{¶ 24} The appellants next contend that summary judgment was not proper because their affidavits and other summary judgment evidence indicated that the blank endorsement on the promissory note was executed by an alleged robo-signer[5], and because the first assignment of mortgage was notarized by Maris G. Carrasco of Orange County, California, but that no notary journal is found for Maris G. Carrasco within the Orange County, California records. Appellants argue that the alleged improprieties create a genuine issue of material fact regarding whether the note and mortgage were properly transferred.

{¶ 25} BONY counters that the appellants lack standing to raise claims of improper robo-signing and notarization. *See Chase Home Fin., LLC v. Heft*, 3d Dist. Logan Nos. 8-10-14, 8-11-16, 2012-Ohio- 876, ¶¶ 35-37 (In rejecting appellant's argument in support of a Civ.R. 60(B) motion that the assignment of mortgage was executed by a known robo-signer and was not properly notarized, the appellate court held that "since [appellant] was not a party to the assignment of mortgage, he lacks standing to challenge its validity * * *.").

{¶ 26} Appellants' evidence in support of their allegation that the promissory note endorsement was robo-signed consists of their own comparison of the New Century representative's signature and the "drastic changes" of the signature between the blank endorsement and the representative's signature on the first assignment of mortgage. [*See* Memorandum Contra, Ex. M.] Appellants support their improper notarization argument with a certified letter from the Orange County, California recorder's office, noting that a notary journal

---

[5] " 'Robo-signing' occurs when bank employees tasked with rapidly signing large numbers of affidavits and legal documents * * * sign such documents without actually checking them to ensure their accuracy." *Chase Home Fin., LLC v. Heft*, 3d Dist. Logan Nos. 8-10-14, 8-11-16, 2012-Ohio- 876, ¶ 22, fn. 4, citing *Ohio v. GMAC Mtge., LLC,* 760 F.Supp.2d 741, 743 (N.D.Ohio 2011).

for Carrasco could not be found after a diligent search of the records; and a notation to an unverified website alleging that Carrasco is a known robo-signer. [*See* Memorandum Contra, Ex. M.]

{¶ 27} However, appellants have not claimed that they or anyone else has personal knowledge that robo-signing occurred in the instant case. Even if the individuals are known robo-signers, as appellants allege, evidence of robo-signing in other cases does not establish that robo-signing occurred in the instant case. *See Heft* at ¶ 37 (rejecting appellant's argument that his mortgage documents may have been robo-signed as speculative, in part, because bank employee's admission that she robo-signed some mortgage foreclosure documents did not prove that his particular mortgage foreclosure documents were robo-signed); *Bank of Am., N.A. v. McLaughlin*, 6th Dist. Erie No. E-11-057, 2012-Ohio-2341, ¶ 19 ("[A]lthough appellant attached and referenced several news articles and cases where the affiant allegedly robo-signed affidavits in other cases, she presented no evidence that it occurred in this case.").

{¶ 28} Because appellants' allegations of robo-signing were speculative, and because the evidence does not demonstrate that robo-signing occurred in this case, we cannot say that a genuine issue of material fact precludes summary judgment on this basis. Moreover, appellants lack standing to challenge the validity of the note endorsement and notarization of the assignment of mortgage for the reasons stated above. Accordingly, appellants' robo-signing and notarization argument lacks merit; and we reject it.

### D. Allonge and Bankruptcy

{¶ 29} The appellants next contend that summary judgment was not appropriate because their summary judgment evidence indicated that an allonge to the original promissory note raised

a genuine issue of material fact about whether the note was transferred to BONY by New Century after New Century had filed for bankruptcy and after an Ohio Common Pleas Court had confirmed a settlement agreement between New Century and the Ohio Attorney General's Office that permanently enjoined New Century from transferring, selling, or assigning rights to any Ohio residential mortgage loan absent prior court approval. As previously noted, a potential issue exists about whether the appellants have standing to attack the validity of the transfer of the note. *See Romine*, 10th Dist. Franklin No. 13AP-58, 2013-Ohio-4212, ¶ 16, as modified by *Pasqualone*, 10th Dist. Franklin No. 13AP-87, 2013-Ohio-5795, ¶ 35.

{¶ 30} Nevertheless, the allonge was irrelevant because BONY had possession of the original promissory note endorsed in blank by New Century at the time it filed its complaint in foreclosure. "An entity which possesses a note indorsed in blank is a holder entitled to enforce the note." *Pasqualone* at ¶ 35, fn. 14; *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 62. Therefore, even assuming that appellants had the requisite standing to raise this claim, the claim is meritless.

### E. The Pooling and Servicing Agreement

{¶ 31} Next, appellants claim that portions of the pooling and service agreement ("PSA"), governing the trust in which BONY is trustee, and attached to their summary judgment materials, raised genuine issues of material fact about whether the promissory note and mortgage were properly assigned to BONY. They base that claim upon the contention that the note and mortgage "were attempted to be transferred to the Trust after the closing date and in a manner that was in violation of the Trust's governing documents." [*See* Appellants' Brief, p. 15.]

{¶ 32} Again, regardless of whether the appellants lack standing to raise these contentions, "[w]hether * * * the parties to the PSA failed to comply with the terms of the PSA is irrelevant to [the bank's] standing as the holder of the note. By virtue of its possession of the note endorsed in blank, [the bank] was the holder of the note and entitled to enforce the note under Ohio law. *See* R.C. 1301.01(T)(1) and 1303.31(A)(1)." *Najar* at ¶ 62. Because BONY submitted a copy of the original note endorsed in blank with its complaint and attached to the Dasch affidavit, appellants' defense of an invalid assignment, which essentially contends that BONY does not own the instruments, is irrelevant. Because BONY is a person entitled to enforce the instruments, the alleged noncompliance with the PSA does not subject the appellants to the risk of having to pay twice for the same debt. *See Froimson*, 8th Dist. Cuyahoga No. 99442, 2013-Ohio-5574, at ¶ 23; *see also generally, Pasqualone*.

{¶ 33} Therefore, appellants' claims challenging the propriety of the assignment of the note and mortgage did not preclude summary judgment in the bank's favor.

### F. The Dasch Affidavit

{¶ 34} Appellants next assert that the trial court erred in relying on the affidavit of Dasch, an "Authorized Signer" for Ocwen, which serviced the mortgage loan at issue. Specifically, appellants claim that Dasch's affidavit does not demonstrate personal knowledge of the pertinent facts as required by *Wachovia Bank of Delaware, N.A. v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3202, because: (1) the affidavit does not attach the business records upon which she relies; and (2) she does not state that she had an opportunity to review the original promissory note and compare it to the copy.

{¶ 35} We recently set forth the applicable rules governing the Civ.R. 56(E) requirement that an affidavit be made on personal knowledge:

"To be considered in a summary judgment motion, Civ.R. 56(E) requires an affidavit to be made on personal knowledge, set forth such facts as would be admissible in evidence, and affirmatively show that the affiant is competent to testify to the matters stated in the affidavit." *Fifth Third Mtge. Co. v. Bell,* 12th Dist. Madison No. CA2013–02–003, 2013–Ohio–3678, ¶ 27, citing Civ.R. 56(E); *see also Wesley v. Walraven,* 4th Dist. Washington No. 12CA18, 2013–Ohio–473, ¶ 24. " 'Absent evidence to the contrary, an affiant's statement that his affidavit is based on personal knowledge will suffice to meet the requirement of Civ.R. 56(E).' " *Bell* at ¶ 27, quoting *Wells Fargo Bank v. Smith,* 12th Dist. Brown No. CA2012–04–006, 2013–Ohio–855, ¶ 16. "Additionally, documents referred to in an affidavit must be attached and must be sworn or certified copies." *Id.,* citing Civ.R. 56(E). "Verification of these documents is generally satisfied by an appropriate averment in the affidavit, for example, that 'such copies are true copies and reproductions.' " *Id.,* quoting *State ex rel. Corrigan v. Seminatore,* 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981); *see also Walraven* at ¶ 31 ("Civ.R. 56(E)'s requirement that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit with a statement contained in the affidavit that the copies are true and accurate reproductions.")

*JPMorgan Chase Bank, Natl. Assn. v. Fallon,* 4th Dist. Pickaway No. 13CA3, 2014–Ohio–525, ¶ 16.

{¶ 36} The affidavit at issue here sets forth the necessary information to satisfy the requirements of Civ.R. 56(E). In her affidavit, Dasch specifically stated that (1) her affidavit was based on her personal knowledge of the facts obtained through her review of the pertinent mortgage loan servicing records, (2) she is familiar with the business records maintained by Ocwen for servicing mortgage loans, (3) the servicing records were made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in the records, (4) the records were kept in the ordinary course of business, (5) BONY is in possession of the original executed note, a true copy of which is attached, (6) a true copy of the mortgage is attached, (7) she personally reviewed and independently verified the loan account, which reflected an unpaid principal balance due of $96,317.39 with interest of 10.5% per annum from July 1, 2011, (8) BONY exercised its option under the note and mortgage to accelerate and declare the unpaid balance due and payable, (9) a true and accurate copy of the corrective assignment of the mortgage correcting BONY's name is attached, (10) the business records were kept in the normal course of business and the information contained in them was created at or near the time of the events described therein, (11) true and accurate copies of the notices of default mailed to appellant Elizabeth Bobo is attached, and (12) an attached payment history is a true and accurate representation of the activity on the loan account.

{¶ 37} Here, as in *Fallon,* the affidavit included statements from which it could be inferred that Dasch compared the original promissory note and the other pertinent documents to the copies so she could attest that the copies attached to her affidavit were true and accurate. *See Parsons v. Thacker,* 4th Dist. Vinton No. 13CA692, 2013–Ohio–4770, ¶ 11, quoting *Deblasio v. Sinclair,* 7th Dist. Mahoning No. 08–MA–23, 2012–Ohio–5848, ¶ 50, quoting *State ex rel. Corrigan v. Seminatore,* 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981) (" ' "The requirement

of Civ.R. 56(E) that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit, coupled with a statement therein that such copies are true copies and reproductions" ' "); *Freedom Mtge. Corp. v. Vitale,* 5th Dist. Tuscarawas No. 2013 AP 08 0037, 2014–Ohio–1549, ¶ 26 ("Ohio law recognizes that personal knowledge may be inferred from the contents of an affidavit * * * [and][t]he assertion of personal knowledge in an affidavit satisfies Civil Rule 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit.").

{¶ 38} Moreover, Dasch's job as a mortgage loan servicing employee gave her personal knowledge of the pertinent facts. "Several appellate courts have found that, in a foreclosure action, the affidavit of a loan servicing agent employee with personal knowledge, provides sufficient evidentiary support for a summary judgment in favor of the mortgagee." *See Regions Bank v. Seimer,* 10th Dist. Franklin No. 13AP-542, 2014–Ohio–95, ¶ 19, and cases cited there.

{¶ 39} The appellants' reliance on *Wachovia Bank of Delaware, N.A.,* 5th Dist. Stark No.2010–CA–00291, 2011–Ohio–3202, is misplaced. In that case, the affidavit was insufficient to establish the bank's entitlement to foreclosure because the affiant "merely alleges she is an assistant secretary of [the bank], without elaborating on how her position with the company relates to or makes her familiar with the [mortgagor's] account records." *Id.* at ¶ 28. By contrast, Dasch specified how her position as authorized signer with the mortgage loan servicing company made her familiar with the pertinent mortgage loan account records.

{¶ 40} Therefore, the trial court did not err in relying on Dasch's affidavit.

**G. Receipt of the Notice of Default and Acceleration**

{¶ 41} In their final argument, appellants contend that the trial court erred in granting summary judgment in favor of BONY because genuine issues of material fact remained about whether they received a notice of default and acceleration prior to the foreclosure proceedings. Appellants rely on appellant Elizabeth Bobo's affidavit, filed with their memorandum contra, in which she averred that she did not receive a notice of default and acceleration.

{¶ 42} The notice requirement found in the note states:

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

[*Note*, p. 3.] Likewise, the mortgage states:

All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise.

[*Mortgage*, p. 10.]

{¶ 43} Dasch, in her affidavit, specifically averred that "breach letters" "were mailed * * * in accordance with the Note and Mortgage." In addition, the "true and accurate" copies of the

breach letters attached to the affidavit state on their face that they were sent "VIA First Class Mail" and "VIA Certified Mail".

{¶ 44} Here, the mortgage loan documents do not require that the borrower actually receive the required notices. Rather, notice is deemed to have been given upon mailing by First Class Mail. Accordingly, appellant Elizabeth Bobo has not created a dispute of material fact by her affidavit swearing that she did not receive the notice. *See Citimortgage, Inc. v. Cathcart*, 5th Dist. Stark No. 2013CA00179, 2014-Ohio-620, ¶¶ 12-14 (holding that borrower's averment that she did not receive notice of default and acceleration did not create a question of fact where receipt was not required by the mortgage loan documents).

{¶ 45} Moreover, we also reject appellants' argument that the Dasch affidavit was insufficient because it failed to expressly state that the notices were sent via first class mail. The Fifth District Court of Appeals, in *OneWest Bank, FSB v. Albert*, 5th Dist. Stark No. 2013CA00180, 2014-Ohio-2158, ¶¶ 20-22, in dealing with a nearly identical notice provision, found that an averment that plaintiff "mailed written notice of default and acceleration to [the borrower] pursuant to the terms of the Note and Mortgage" satisfied its burden because the actual notice letter stated it was sent by first-class certified mail. We find the reasoning of the Fifth District Court of Appeals sound, and conclude that, in the instant case, no genuine issue of material fact exists that BONY satisfied its duty to provide appellants with notice of default and acceleration pursuant to the terms of the note and mortgage.

{¶ 46} Based on the above, we conclude that appellants did not raise a genuine issue of material fact regarding the notice sent by BONY prior to the initiation of the foreclosure proceedings.

**V. Conclusion**

{¶ 47} In order to foreclose a mortgage the complainant must establish execution and delivery of the note and mortgage, a default, and an amount due. *See Fifth Third Mtge. Co. v. Rankin*, 4th Dist. Pickaway No. 10CA45, 2011-Ohio-2757, ¶ 15. BONY supported its motion for summary judgment with evidence establishing the requirements for foreclosure of appellants' property, and the appellants failed to meet their reciprocal evidentiary burden to raise a genuine issue of material fact. The trial court thus properly entered summary judgment in favor of BONY.

{¶ 48} Therefore, we overrule all three of appellants' assignments of error and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED.  Appellants shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.: Concurs in Judgment and Opinion.
McFarland, A.J.: Concurs in Judgment Only.


                                        For the Court

                                        By:_____
                                               Marie Hoover
                                               Presiding Judge


**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.