[Cite as *Cavalry SPV I v. Taylor*, 2018-Ohio-1765.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| CAVALRY SPV I, LLC, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 17 MA 0107 |
| V. | ) | |
| | ) | OPINION |
| MONICA S. TAYLOR, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:       Civil Appeal from Mahoning County Area Court No. 4 of Mahoning County, Ohio Case No. 16CVF1003

JUDGMENT:       Reversed and Remanded.

APPEARANCES:
For Plaintiff-Appellee       Attorney Krishna K. Velayudhan
4645 Executive Drive
Columbus, Ohio 43220
No Brief Filed.

For Defendant-Appellant       Monica S. Taylor, PRO SE
4127 New Road
Austintown, Ohio 44515

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: April 27, 2018

DONOFRIO, J.

{¶1} Defendant-appellant, Monica Taylor, appeals from a Mahoning County Area Court No. 4 judgment granting summary judgment in favor of plaintiff-appellee, Cavalry SPV I, LLC, and entering judgment against appellant in the amount of $951.34.

{¶2} On November 15, 2016, appellee filed a complaint against appellant. The complaint alleged that appellee was the assignee of appellant's Citibank, NA (Citibank) credit card account (the account). The complaint further alleged that appellant failed to pay on the credit card account as required. It alleged that appellant owed the sum of $951.43 on the account. To its complaint, appellee attached copies of credit card statements listing appellant as the owner of the account and the sum of $951.43 due and owing.

{¶3} Appellant, acting pro se, filed an answer admitting she is the owner of the account but denying that she owed any balance. Instead, appellant stated in her answer that she paid off the account in full in February 2012, and had not used the account since that time. She further stated she had not received any correspondence from appellee except for the complaint. Appellant attached two email receipts to her answer showing payments to Citibank in the amounts of $686.70 on February 14, 2012, and $9.58 on March 11, 2012.

{¶4} Next, appellee filed a motion for summary judgment. Appellee attached the affidavit of one of its agents, Cyrenna Dewhurst. Dewhurst averred that appellee's business records provided the following. Appellee purchased appellant's account from Citibank on or about March 31, 2016. Appellant opened the account on January 2, 2007, and the account was "charged off" on December 26, 2013. As of September 27, 2016, appellee's records revealed that appellant owed a balance of $951.34.

{¶5} Appellant did not file a response to appellee's summary judgment motion.

{¶6} The trial court granted appellee's motion for summary judgment. It noted that appellant did not file a response to the motion and found that no genuine

issue of material fact existed. Therefore, the trial court entered judgment in favor of appellee in the amount of $951.34, plus interest.

{¶7} Appellant, still acting pro se, filed a timely notice of appeal on June 6, 2017.

{¶8} Appellant now raises two assignments of error. Appellee has failed to file a brief in this matter.

{¶9} An appellate court reviews the granting of summary judgment de novo. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper.

{¶10} A court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. *Mercer v. Halmbacher*, 9th Dist. No. 27799, 2015-Ohio-4167, ¶ 8, 44 N.E.3d 1011; Civ.R. 56(C). The initial burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts to show that there is a genuine issue of material fact. *Id.*; Civ.R. 56(E). "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 1993-Ohio-191, 617 N.E.2d 1129.

{¶11} Appellant's two assignments of error share a common basis in law and fact. Therefore, we will address them together.

{¶12} Appellant's first assignment of error states:

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE CAVALRY SPV I, LLC.

**{¶13}** Appellant's second assignment of error states:

THE TRIAL COURT DIDN'T INCLUDE DISCOVERY SUBMITTED WITHIN THE TIMEFRAME BY APPELLANT.

**{¶14}** Appellant argues that she provided proof that she had paid off the account in February 2012. She also argues that she only entered into a contract with Citibank, not appellee. Appellant further contends the trial court should have reviewed the "discovery information" that she provided on February 26, 2017, as part of the "administrative hearing." She contends this information proves that she paid the account in full.

**{¶15}** In this case the trial court based its decision to award appellee summary judgment, at least in part, on the fact that appellant failed to file a response to appellee's summary judgment motion. In its judgment entry, the court stated:

[I]t appearing upon the examination of the records that there appears to be no genuine issue of fact and the Court being otherwise sufficiently advised; the defendant having filed no response * * * [the motion for summary judgment] is hereby sustained.

**{¶16}** The fact that the non-moving party failed to file a timely response in opposition to a motion for summary judgment, standing alone, is not a proper basis on which to grant summary judgment. "[E]ven if the non-moving party does not respond, summary judgment may be granted only if the movant has satisfied the prerequisites to summary judgment." *CitiMortgage, Inc. v. Firestone*, 9th Dist. No. 25959, 2012-Ohio-2044, ¶ 10.

Civ.R. 56(E) provides in part that:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response,

by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, *if appropriate*, shall be entered against the party.

(Emphasis added.)

**{¶17}** Civ.R. 56(E) states that even if the non-moving party fails to respond to the summary judgment motion, summary judgment is not automatic. Instead, the trial court shall only enter summary judgment if it is appropriate. We must determine if summary judgment was appropriate here.

Pursuant to Civ.R. 56(C):

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

**{¶18}** In this case, appellee attached three items to its summary judgment motion. First, it attached Dewhurst's affidavit. Dewhurst averred to the following after her review of appellee's business records. Appellant opened the account with Citibank on January 2, 2007 and "charged off" the account on December 26, 2013. (Dewhurst Aff. ¶ 4b). Appellee purchased the account from Citibank on or about March 31, 2016. (Dewhurst Aff. ¶ 4a). As of September 27, 2016, appellant owed a balance of $951.34. (Dewhurst Aff. ¶ 4c).

**{¶19}** Second, appellee attached copies of account statements from 2013 and 2014 showing that appellant owed a balance of $951.34 on the account. Third, it attached its attorney's affidavit stating that appellant is not currently on active duty in the military.

**{¶20}** If the trial court only considered appellee's motion and summary judgment evidence, it would seem that summary judgment would be proper because there would be no genuine issue of material fact that appellant owed a balance of $951.43 on the account to appellee.

**{¶21}** But other summary judgment evidence existed on the record. Appellee gave appellant interrogatories to complete. Appellee answered the interrogatories and filed them with the court. Presumably, this is the "discovery information" appellant refers to in her argument.

**{¶22}** In her answers to appellee's interrogatories, appellant stated that she did not have an account with appellee. She stated that she paid off the account in February 2012. In support, appellant attached a copy of her credit union statement from February 2012, which reflects a payment to Citibank in the amount of $686.70. Appellant also stated that she received an interest payment statement from Citibank after she paid off her balance. She stated that she paid off the interest in March 2012.

**{¶23}** Additionally, appellant attached to her pleadings, a copy of a receipt from Citibank dated February 14, 2012, for the amount of $686.70. She also attached a copy of a receipt from Citibank dated March 11, 2012, for the amount of $9.58. These items corroborated her answers to her interrogatories.

**{¶24}** Civ.R. 56(C) provides that the court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that are timely filed in the action, show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. In this case, although appellee did not file a response to appellant's summary judgment motion, she did timely file her answers to appellee's interrogatories. Moreover, her attachments to her initial pleading corroborated her interrogatory answers. This summary judgment evidence creates a genuine issue of material fact as to whether appellant paid off the account in full when it still belonged to Citibank. Thus, the trial court erred in granting appellee's

summary judgment motion.

**{¶25}** Accordingly, appellant's two assignments of error have merit and are sustained.

**{¶26}** For the reasons stated above, the trial court's judgment is hereby reversed and this matter is remanded for further proceedings pursuant to law and consistent with this opinion.

Waite, J., concur.

Robb, P., J., concur.