[Cite as *PCA Acquisitions L.L.C. v. Parson*, 2020-Ohio-3218.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| PCA ACQUISITIONS L.L.C., | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 19CA15 |
| | : | |
| vs. | : | |
| | : | |
| ROBERT J. PARSON, | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| Defendant-Appellant. | : | |

<u>APPEARANCES</u>:

Robert J. Parson, Hillsboro, Ohio, Appellant Pro Se.

Yale R. Levy, Kathleen M. Smith, Levy & Associates, LLC, Columbus, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} Robert J. Parson ("Appellant") appeals the June 25, 2019 entry of the Hillsboro Municipal Court, which granted PCA Acquisitions, L.L.C.'s ("Appellee's") motion for summary judgment, to which Appellant did not respond. Having reviewed the record, we find no merit to Appellant's arguments. Accordingly, we affirm the judgment of the trial court.

FACTS

{¶2} On November 26, 2018, Appellee filed a complaint in the Hillsboro Municipal Court. The complaint alleged that Appellee was the assignee of

Appellant's National Rifle Association (NRA) credit card account. The complaint

further alleged that Appellant owed the sum of $2,070.52 for money due to

Appellee via Appellant's use of the credit card account, and that Appellant had

breached the account agreement for failing to make payments. The complaint

attached a copy of the account statement and demanded judgment for $2,072.52,

plus interest. Appellant was properly served with the complaint.

{¶3} On December 28, 2018, Appellant filed a responsive pleading

captioned "Private" and indicating it was a response to Appellee's counsel. For

various reasons contained within the pleading, Appellant answered that the debt

was uncollectable. The trial court scheduled the matter for a pretrial.

{¶4} On February 6, 2019, Appellee filed a notice of service of written

discovery requests, including requests for admissions. On February 22, 2019,

Appellant filed a motion to dismiss the complaint.[1] On March 6, 2019, Appellant

filed a response to the discovery requests. Also on March 6, 2019, Appellant filed

a pleading objecting to or denying all requests for admissions.

{¶5} On March 8, 2019, Appellee filed Plaintiff's First Motion for

Extension of Time in order to respond to Appellant's motion to dismiss. On March

11, 2019, the trial court granted the motion for extension and ordered Appellee

---

[1] Actually, the pleading was titled "Notice of Motion and Motion Memorandum of Points of Authorities and Declaration of Robert J. Parson in Support of Motion to Dismiss Complaint and For Damages."

reply to the motion to dismiss within thirty days.  On March 13, 2019, Appellant filed requests for written discovery and requests for admissions.

{¶6} On April 8, 2019, Appellee filed Plaintiff's Motion to Correct the Record, pursuant to Civ.R. 15.  In the motion, Appellee asserted that the creditor's name in the original complaint should have been "First National Bank of Omaha," not "National Rifle Association."  On April 9, 2019, the trial court granted the motion to correct the record and ordered that the complaint and court records be amended so that the original creditor's name was changed from "National Rifle Association" to "First National Bank of Omaha."

{¶7} On April 10, 2019, Appellee filed Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss.  Also on April 10, 2019, the trial court denied the motion to dismiss.  Appellee next moved the court for an extension of time to respond to Appellee's first set of discovery requests.  On April 11, 2019, the trial court ordered that Appellee reply to the discovery requests within thirty days.

{¶8} On May 13, 2019, Appellant filed Defendant's Request to Strike in Opposition to Plaintiff's Motion for Summary Judgment.  On May 16, 2019, Appellee filed both a Motion for Leave to File a Motion for Summary Judgment and a Motion for Summary Judgment.  The trial court scheduled a hearing on June 26, 2019.  On May 23, 2019, Appellee also filed Plaintiff's Memorandum in

Opposition to Defendant's Motion to Strike. On May 29, 2019, the trial court denied the motion to strike.

{¶9} On June 21, 2019, the trial court denied Appellant's request to strike. On June 25, 2019, the trial court granted both Appellee's motion for leave and the motion for summary judgment. This timely appeal followed.

## ASSIGNMENT OF ERROR

{¶10} Appellant's brief posits no assignments of error but does raise several issues. In light of our policy of extending considerable leniency to pro se litigants, *see State v. Esparza,* 4th Dist. Washington No. 12CA42, 2013-Ohio-2138, at ¶ 5; *State v. Evans,* 4th Dist. Pickaway No. 11CA24, 2013-Ohio-4143, at ¶ 7, fn. 2, we will consider those issues despite Appellant's failure to comply with App.R. 16(A)(3). *State v. Cargile,* 4th Dist. Scioto No.14CA3661, 2015-Ohio-3629, at ¶ 5; *See also, In re Estate of Poling*, 4th Dist. Hocking No. 04CA18, 2005-Ohio-5147, at ¶ 18.

## STANDARD OF REVIEW

{¶11} Appellate review of summary judgment decisions is de novo, governed by the standards of Civ.R. 56. *Turner v. Dimex,* 4th Dist. Washington No. 19CA3, 2019-Ohio-4251, at ¶ 6; *Vacha v. N. Ridgeville,* 136 Ohio St.3d 199, 2013-Ohio-3020, 992 N.E.2d 1126, ¶ 19; *Citibank v. Hine,* 4th Dist. Ross, 2019-Ohio-464, 130 N.E.3d 924, at ¶ 27. Summary judgment is appropriate if the party

moving for summary judgment establishes that (1) there is no genuine issue of material fact, (2) reasonable minds can come to but one conclusion, which is adverse to the party against whom the motion is made and, (3) the moving party is entitled to judgment as a matter of law. *Capital One Bank (USA) N.A. v. Rose*, 4th Dist. Ross No. 18CA3628, 2018-Ohio-2209, 2018 WL 2749510, at ¶ 23; Civ.R. 56; *New Destiny Treatment Ctr., Inc. v. Wheeler,* 129 Ohio St.3d 39, 2011-Ohio-2266, 950 N.E.2d 157, ¶ 24; *Chase Home Finance, LLC v. Dunlap,* 4th Dist. Ross No. 13CA3409, 2014-Ohio-3484, at ¶ 26.

{¶12} The moving party has the initial burden of informing the trial court of the basis for the motion by pointing to summary judgment evidence and identifying parts of the record that demonstrate the absence of a genuine issue of material fact on the pertinent claims. *Turner, supra,* at ¶ 7; *Dresher v. Burt,* 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996); *Chase Home Finance, supra,* at ¶ 27; *Citibank, supra,* at ¶ 28. Once the moving party meets this initial burden, the non-moving party has the reciprocal burden under Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue remaining for trial. *Dresher,* 75 Ohio St.3d at 293, 662 N.E.2d 264. *See also Rose, supra,* at ¶ 24.

{¶13} Pursuant to the above rule, a trial court may not enter summary

judgment if it appears a material fact is genuinely disputed. *Turner, supra,* at ¶ 8; *Ball v. MPW Indus. Servs., Inc.,* 2016-Ohio-5744, 60 N.E. 3d 1279 (5th Dist.) at ¶ 29, citing, *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

## LEGAL ANALYSIS

{¶14} In this case, Appellant did not file a response in opposition to Appellee's motion for summary judgment. Civ.R. 56(E) provides in part that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, *if appropriate,* shall be entered against the party. (Emphasis added.)

{¶15} Thus, the fact that the non-moving party failed to file a timely response in opposition to the motion for summary judgment, standing alone, is not a proper basis on which to grant summary judgment. *Calvalry SPV I LLC v. Taylor,* 7th Dist. Mahoning No.17MA0107, 2018-Ohio-1765, at ¶ 16. " '[E]ven if the non-moving party does not respond, summary judgment may be granted only if

the movant has satisfied the prerequisites to summary judgment.' " *Calvalry, supra*, quoting, *CitiMortgage, Inc. v. Firestone*, 9th Dist. No. 25959, 2012-Ohio-2044, ¶ 10.  Here, despite Appellant's failure to file a responsive pleading asserting that there are genuine issues of material fact, we must determine if the trial court's ruling in favor of Appellee was appropriate.

{¶16} Civil Rule 56(E) also provides:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

{¶17} In this case, in November 2018, Appellee filed a suit for money lent to Appellant on an NRA Visa credit card issued to him.  In April 2019, Appellee filed a motion to correct the record to correct the pleadings to indicate that the First National Bank of Omaha was the original creditor.  Appellee also asserted that Exhibit A attached to the complaint demonstrated that the First National Bank of Omaha was the servicer of the NRA Visa credit card.

{¶18} The trial court granted this motion.  Exhibit A, Appellant's NRA Visa credit account statement demonstrates that on the statement, the First National

Bank of Omaha is the contact name if a copy of Billing Rights is requested. The

First National Bank of Omaha is also the contact name for receipt of any

complaints regarding dissatisfaction with the NRA Visa credit card purchases.

{¶19} In support of the motion for summary judgment, Appellant attached

an affidavit made by Keona I. Berry, employed as a business analyst for Appellee.

In the first paragraph, she averred that she had personal knowledge of the facts

from her review of the account information in the possession of Appellee. Her

affidavit set forth the following additional facts:

> 2. Plaintiff purchased the receivable after it was in default from the credit grantor, First National Bank of Omaha, and succeeded to all rights that Plaintiff's assignor had against Defendant.
>
> 3. This action is based upon a credit agreement entered into between Defendant and the credit grantor. Pursuant to the agreement, Defendant agreed to pay monthly installments to the credit grantor. Upon information and belief, Defendant failed to make payments due pursuant to the agreement.
>
> 4. In the performance of my duties, I'm familiar with the manner and method by which Plaintiff creates and maintains its normal business books and records, including computer records of its collection accounts. Plaintiff maintains computer records of activity on the accounts that occurred since it purchased the accounts including payments received, amounts owing on such accounts, credits and debits, and also has computer records of the information that Plaintiff acquired from its assignor. Entries are made in such computer records only by individuals who have examined the account information at or near the time the events reflected in them occurred or who have relied on account information from Plaintiff's assignor. Plaintiff's records were made in the regular course of business and it was the regular course of such business to make the records.

5. The balance, after all prior payments and credits have been allowed, due and owing to Plaintiff from Defendant is $2,070.52.

6. Attached hereto are true and exact copies of documents reflecting the transfer of ownership of this account from First National Bank of Omaha to Plaintiff.

{¶20} In *Bank of New York Mellon v. Bobo,* 2015-Ohio-4601, 50 N.E.3d 229 (4th Dist.), this court discussed the applicable rules governing the Civ.R. 56(E) requirement that an affidavit be made on personal knowledge. " 'To be considered in a summary judgment motion, Civ.R. 56(E) requires an affidavit to be made on personal knowledge, set forth such facts as would be admissible in evidence, and affirmatively show that the affiant is competent to testify to the matters stated in the affidavit.' " *Bobo, supra*, at ¶ 35, quoting, *Fifth Third Mtge. Co. v. Bell,* 12th Dist. Madison No. CA2013-02-003, 2013-Ohio-3678, ¶ 27, citing Civ.R. 56(E); *see also Wesley v. Walraven,* 4th Dist. Washington No. 12CA18, 2013-Ohio-473, ¶ 24. " ' "Absent evidence to the contrary, an affiant's statement that his affidavit is based on personal knowledge will suffice to meet the requirement of Civ.R. 56(E)." ' " *Bobo, supra,* quoting, *Bell* at ¶ 27, quoting *Wells Fargo Bank v. Smith*, 12th Dist. Brown No. CA2012-04-006, 2013-Ohio-855, ¶ 16. "Additionally, documents referred to in an affidavit must be attached and must be sworn or certified copies." *Id*., citing Civ.R. 56(E). "Verification of these documents is generally satisfied by an appropriate averment in the affidavit, for example, that 'such copies are true copies and reproductions.' " *Id*., quoting *State ex rel.*

*Corrigan v. Seminatore,* 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981); *see also*

*Walraven* at ¶ 31 ("Civ.R. 56(E)'s requirement that sworn or certified copies of all

papers referred to in the affidavit be attached is satisfied by attaching the papers to

the affidavit with a statement contained in the affidavit that the copies are true and

accurate reproductions.") *JPMorgan Chase Bank, Natl. Assn. v. Fallon,* 4th Dist.

Pickaway No. 13CA3, 2014-Ohio-525, ¶ 16.

{¶21} In this case, Berry's affidavit sets forth the necessary information to

satisfy the requirements of Civ.R. 56(E). Berry specifically stated in the first

paragraph of her affidavit that it was based on her personal knowledge of the facts

obtained through her review of account records made in the course of her

employment as a business analyst for Appellee. In the fourth paragraph of Berry's

affidavit, she avers that in the performance of her job duties, she is familiar with

the manner and method by which Appellee maintains its computerized business

records of account activity.

{¶22} Further, Berry's affidavit included explicit statements that the

documents attached were true and exact copies of documents reflecting the transfer

of ownership of the First National Bank of Omaha accounts to Appellee. *See*

*Parsons v. Thacker,* 4th Dist. Vinton No. 13CA692, 2013-Ohio-4770, ¶ 11,

quoting *Deblasio v. Sinclair,* 7th Dist. Mahoning No. 08-MA-23, 2012-Ohio-5848,

¶ 50, quoting *State ex rel. Corrigan v. Seminatore,* 66 Ohio St.2d 459, 467, 423

N.E.2d 105 (1981) (" ' "The requirement of Civ.R. 56(E) that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit, coupled with a statement therein that such copies are true copies and reproductions" ' "); *Freedom Mtge. Corp. v. Vitale*, 5th Dist. Tuscarawas No. 2013 AP 08 0037, 2014-Ohio-1549, ¶ 26 ("Ohio law recognizes that personal knowledge may be inferred from the contents of an affidavit * * * [and] [t]he assertion of personal knowledge in an affidavit satisfies Civil Rule 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit.").

{¶23} Appellant has raised the following issues on appeal:

1. Is it error for the trial court to not require Appellee to present any signed written agreement between the parties?
2. Is it error for trial court to not require Appellee to authenticate its evidence?
3. Is it error for the trial court to not require the debt collector to properly validate the alleged debt before litigation?
4. Is it error for the trial court to not consider the Fair Debt Collection Practices Act violations committed by Appellee or Appellee's counsel?
5. Is it error for the trial court to not recognize Appellee's lack of privity?
6. Is it error for the trial court to not recognize Appellee's lack of consideration?
7. Is it error for the trial court to not rule on Appellant's alternative defenses?
8. Is it error for the trial court to not rule on Appellant's counterclaims?

9. Is it error for the trial court to not rule that counsel misrepresented the material facts?

{¶24} Appellant filed no reply to Appellee's motion for summary judgment. As stated above, although the burden of showing that no genuine issue of material fact exists falls upon the party requesting summary judgment, once this has been shown the nonmoving party must then present evidentiary materials demonstrating that a material issue of fact does exist. *Sheppard v. McSweeney's Inc.,* 4th Dist. Lawrence No. CA-95-4, 1995 WL 571890 (Sept. 27, 1995), at *3; *Wing v. Anchor Media, Ltd. of Texas,* 59 Ohio St.3d 108, 111, 570 N.E. 2d 1095 (1991); *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988); *Morehead v. Conley,* 75 Ohio App.3d 409, 413, 599 N.E.2d 786, (4th Dist. 1991). "[T]he nonmoving party cannot rely on bare pleadings unsupported by evidentiary material." *Whiteleather v. Yosowitz,* 10 Ohio Ap.3d 272, 275,461 N.E. 2d 1331, (8th Dist.1983). Rather, the nonmoving party has an obligation to present evidence in some form permitted by Civ.R. 56(C) controverting the evidence presented by the moving party. *Rayburn v. J.C. Penney Outlet Store*, 3 Ohio App.3d 463, 464, 445 N.E.2d 1167 (10th Dist. 1982).

{¶25} The record before us contains no response to plaintiff's motion for summary judgment. Appellant did not fulfill his obligation to present evidence controverting that proffered by Appellee. Consequently, there is no genuine issue of material fact, and reasonable minds could only conclude that Appellant owed

$2,072.52 on his credit card account to Appellee.  Appellee is entitled to judgment as a matter of law, and the trial court did not err in granting Appellee's motion for summary judgment.  Accordingly, Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hillsboro Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J. concur in Judgment and Opinion.

For the Court,

_____

Jason P. Smith
Presiding Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**