[Cite as *M & T Bank v. Strawn*, 2013-Ohio-5845.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| M & T BANK, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0040** |
| ANDREW J. STRAWN, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2012 CV 00416.

Judgment: Affirmed.


*Patricia K. Block*, *Lori N. Wight*, and *Stacy L. Hart*, Lerner, Sampson & Rothfuss, 120 East Fourth Street, Suite 800, P.O. Box 5480, Cincinnati, OH 45202 (For Plaintiff-Appellee).

*Bruce M. Broyles*, 5815 Market Street, Suite 2, Youngstown, OH 44512 (For Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Andrew J. Strawn, appeals the March 8, 2013 judgment of the Trumbull County Court of Common Pleas granting summary judgment and issuing a decree of foreclosure in favor of appellee, M & T Bank. For the reasons that follow, we affirm the decision of the trial court.

{¶2} In December 2007, appellant took title to a property at 6018 Carter Street in Hubbard, Ohio ("the Property"). On December 18, 2007, appellant signed a

promissory note in favor of Countrywide Bank, FSB ("Countrywide"). Appellant also granted a mortgage on the Property to Mortgage Electronic Registration System, Inc. ("MERS"), acting as nominee for Countrywide, its successors and assigns, to secure the debt evidenced by the note. The record further reveals that the mortgage was assigned from MERS to Bank of America, N.A., as successor by merger to BAC Home Loan Servicing, LP, f.k.a. Countrywide Home Loans Servicing, and that the assignment was recorded on November 9, 2011.

**{¶3}** By its terms, the note requires notice of any default and at least 30 days time in which to cure any default. The note indicates that failure to cure a default may result in acceleration of the debt. There are three endorsements on the note. The first two—an endorsement to Countrywide Home Loans, Inc. and a blank endorsement from Countrywide Home Loans, Inc.—are stamped, "VOID." The third endorsement is from Countrywide to appellee. None of the endorsements are dated.

**{¶4}** Appellant made payments on the note for approximately three and one-half years. On September 16, 2011, Bank of America, N.A. ("Bank of America") sent a letter to appellant indicating that appellant was in default. The letter informed appellant that Bank of America serviced his loan on behalf of the "Noteholder." The letter also informed appellant that the sum of $1,836.68, due on August 1, 2011, had not been paid and that the default could be cured by tendering that sum on or before October 16, 2011, along with any other regular payments or fees due in the meantime. Furthermore, the letter informed appellant that the debt would be accelerated if he failed to cure the default, and it included information about payment plans and other options to avoid foreclosure.

{¶5} On February 23, 2012, appellee filed a complaint for foreclosure. Appellee alleged that it was in possession of and entitled to enforce a promissory note signed by appellant. Attached to the complaint is a copy of the note.

{¶6} Appellee sought summary judgment. In support of its motion, appellee submitted the affidavit of Mr. Fisher, a document coordinator for Bayview Loan Servicing, LLC, as "attorney in fact" for appellee. The affidavit states that Mr. Fisher, who is familiar with the manner in which appellee's business records are created, compiled, and retrieved, has access to the records and, based upon his review of those records, avers that appellee had possession of the note "at the time of the complaint and continuously thereafter."

{¶7} Appellant filed a memorandum in opposition to appellee's motion for summary judgment in which appellant argued that the affidavit of Mr. Fisher was insufficient to establish appellee's possession of the note. The trial court granted appellee's motion for summary judgment.

{¶8} Appellant filed an appeal and asserts one assignment of error:

{¶9} "The trial court erred in granting summary judgment."

{¶10} Appellant frames three issues for our review. First, appellant contends "[t]he trial court erred in relying upon the affidavit of Mr. Fisher to demonstrate that Appellant had possession of the promissory note and that the copies were true and accurate." Second, appellant asks "[w]hether Appellee fulfilled the condition precedent of providing notice of the default and notice of acceleration * * *." Third, appellant argues that "[t]here was a genuine issue of material fact as to whether Appellee was the real party in interest possessing an interest in the promissory note and mortgage."

3

{¶11} We review a trial court's decision on a motion for summary judgment de novo. *Fed. Home Loan Mortg. Corp. v. Zuga*, 11th Dist. Trumbull No. 2012-T-0038, 2013-Ohio-2838, ¶13. Under Civil Rule 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Id.* at ¶10, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶12} The moving party bears the initial burden to demonstrate from the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, that there is no genuine issue of material fact to be resolved in the case. *Id.* at ¶12. To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce it; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgager is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. *Wachovia Bank v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203, ¶40-45. "If this initial burden is met, the nonmoving party then bears the reciprocal burden to set forth specific facts which prove there remains a genuine issue to be litigated, pursuant to Civ.R. 56(E)." *Zuga*, *supra*, at ¶12.

{¶13} First, appellant contends that the trial court erred by relying on the affidavit of Mr. Fisher to establish that appellee was in possession of the note and that copies of the note and mortgage attached to appellee's complaint were true and accurate.

4

{¶14} Pursuant to Civ.R. 56(E), affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." "Copies of all papers referred to in the affidavit are acceptable if the affidavit indicated that the copies submitted are true and accurate reproductions of the originals." *Zuga*, *supra*, at ¶15.

{¶15} In *U.S. Bank, N.A. v. Adams*, 6th Dist. Erie No. E-11-070, 2012-Ohio-6253, ¶18, the Sixth District held that "possession of the note was demonstrated by the attachment of a copy of the note to the complaint and the affidavit, coupled with [affiant's] statements [that complainant was in] possession of the note and mortgage in her affidavit." Similarly, in this case, appellee's possession of the note was demonstrated by an affidavit along with attached copies of the note endorsed to appellee. A party in possession of a note endorsed to that party is a holder and entitled to enforce the instrument. *Zuga*, *supra*, at ¶17.

{¶16} In the affidavit, Mr. Fisher avers that: (1) he is a document coordinator for Bayview Loan Servicing, LLC; (2) he is authorized to make the affidavit, over the age of 18, and competent to testify; (3) he has personal knowledge of appellee's business record systems and policies for creation, maintenance, and retrieval; (4) loan account records are compiled and recorded as part of appellee's regularly-conducted business; (5) such records are created at or near the time of each event or action affecting a given account by a person with knowledge of the event or action; (6) he personally reviewed the business records of appellee with regard to appellant's loan; (7) his review of those records indicates that appellant executed a promissory note to Countrywide and a

5

mortgage securing its payment; (8) at the time the complaint was filed, and continuously thereafter, appellee has been in possession of the original promissory note, which was duly endorsed to appellee by Countrywide; (9) the loan is in default; (10) demand for payment has been made; (11) appellant has not cured the default; (12) the debt has been accelerated, and the amount due is now $95,749.28 plus interest at a rate of 6.5% per year from July 1, 2011; and (13) appellee has made advances for taxes, insurance, and property inspection in the amount of $4,406.27.

{¶17} Attached to the affidavit are copies of the note, the mortgage, the property description, the April 6, 2012 mortgage assignment from Bank of America (as successor by merger to BAC Home Loan Servicing, LP, f.k.a. Countrywide Home Loans Servicing), and the September 16, 2011 demand letter from Bank of America.

{¶18} At this point, the burden shifted to appellant to set forth specific facts demonstrating that a genuine issue of material fact remains to be litigated with regard to appellee's possession of the note or with regard to the accuracy of the copies attached to the complaint. Appellant's brief asserts that Mr. Fisher's affidavit did not demonstrate that Mr. Fisher had personal knowledge of the facts to which he avers. Appellant also asserts that Mr. Fisher could not properly testify to the legal conclusion that appellee was in possession of the original note duly endorsed to appellee without explanation of the voided endorsements.

{¶19} On the issue of personal knowledge, appellant relies on *Wachovia Bank of Delaware, N.A. v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203. In *Wachovia*, the Fifth District found an affidavit failed to establish the affiant's personal knowledge and, thus, summary judgment was improper. *Id.* at ¶58. Notably, in that

6

case, the affiant averred that she was an assistant secretary who had examined the appellant's loan account, but did not aver that the account was a business record kept in the regular course, or that such records were compiled at or near the time of occurrences by persons with personal knowledge. *Id.* at ¶28. Thus, in *Wachovia*, the affiant failed to explain how her position gave her personal knowledge of the facts to which she testified. Furthermore, the affidavit in *Wachovia* identified the mortgage and note as accurate copies of the originals, but those documents were not attached to the affidavit. *Id.* at ¶24.

{¶20} Here, the affiant avers that the account records are business records created at or near the time of the relevant occurrences by persons having personal knowledge thereof and that the attached copies of the note, mortgage, and demand letter are true and accurate. The affidavit clearly states that at the time the complaint was filed, and continuously thereafter, appellee "has been in possession of the original" promissory note. Thus, *Wachovia* does not support appellant's assertion that the affidavit in this case was insufficient to establish the affiant's personal knowledge. The affidavit before us is sufficient for the trial court to have held that the affiant had personal knowledge. *See id.* at ¶48.

{¶21} Regarding the effect of voided endorsements, we find no issue of material fact established by appellant's argument. There is no dispute over the existence of the voided endorsements; rather, the argument suggests that voided or cancelled endorsements have a legal effect on the negotiability of an instrument. Appellant does not cite to any law that indicates the presence of voided endorsements on the face of a note renders a subsequent negotiation invalid.

7

{¶22} The holder of an instrument is a "person entitled to enforce" the instrument under R.C. 1303.31. The holder of a negotiable instrument is defined as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." R.C. 1301.201(B)(21)(a). There is clearly a "pay to the order of" endorsement from Countrywide to appellee. Nothing suggests the voided endorsements affect appellee's status as holder of the note. Thus, it does not create a genuine issue of material fact.

{¶23} Under his second issue for review, appellant contends he was not provided with proper notice of his default. Under the terms of the note, appellant was entitled to be notified that he was in default, informed that he had the right to cure the default, informed of the manner in which the default could be cured, and given at least 30 days to cure the default. Appellant contends that the demand letter he received from the loan servicing agent, Bank of America, did not inform him of his right to cure the default or the manner in which the default could be cured.

{¶24} Appellant's contentions are not supported by the record. In a September 16, 2011 letter to appellant, Bank of America, as the entity servicing the loan for appellee, stated: "You have the right to cure default. To cure default, on or before October 16, 2011, Bank of America, N.A. must receive the amount of $1,836.68 plus any additional regular monthly payment or payments, late charges, fees and charges which become due on or before October 16." Thus, it was made clear to appellant that he had the right to cure the default. Furthermore, appellant was informed that, in order to cure the default, he had to pay the overdue amount and late charge totaling

$1,836.68 by October 16, 2011, and pay any regular payments due between the date of the demand letter and October 16, 2011, on time.

{¶25} Finally, under his third issue, appellant argues that "[t]here was a genuine issue of material fact as to whether Appellee was the real party in interest possessing an interest in the promissory note and mortgage." Appellant argues there was a genuine issue of material fact concerning whether appellee held an interest in the note or the mortgage prior to the time it filed the complaint. Under this issue, appellant contends that the two endorsements on the promissory note marked "VOID" might have rendered the negotiation of the note from Countrywide to appellee improper. Further, appellant contends that the mortgage was assigned to appellee by an entity outside the chain of title.

{¶26} The note is in evidence, and no one disputes the presence of the voided endorsements. However, the presence of voided endorsements does not create a genuine issue of fact in the face of the evidentiary material establishing appellee as the holder of the note.

{¶27} Appellant argues that the mortgage, having come to appellee by way of an entity outside the chain of title, raises an issue as to appellee's standing to foreclose on the mortgage. We note that the mortgage was assigned to appellee by Bank of America, successor by merger to BAC Home Loans Servicing, LP, f.k.a. Countrywide Home Loans Servicing LP. Thus, the mortgage was not assigned to appellee by the note-holder, i.e., Countrywide Bank FSB, but by a separate entity, i.e., Countrywide Home Loans Servicing LP. However, the holder of a promissory note secured by a

mortgage has an equitable interest in the mortgage and need not demonstrate that it was validly assigned the mortgage in order to establish standing.

{¶28} The transfer of a promissory note secured by a mortgage operates as an equitable assignment of the mortgage. *See Fed. Home Loan Mortg. Corp. v. Rufo*, 11th Dist. Ashtabula No. 2012-A-0011, 2012-Ohio-5930, ¶41; *Citimortgage, Inc. v. Loncar*, 7th Dist. Mahoning No. 11 MA 174, 2013-Ohio-2959, ¶17 ("in a foreclosure action, the holder of the note, regardless of whether it has been assigned the mortgage, has standing not only because it is the party entitled to enforce the instrument, but because it also has an equitable interest in the mortgage"); *Citimortgage, Inc. v. Patterson*, 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, ¶21 (holder of the note has standing to foreclose). Thus, appellee acquired an equitable interest in the mortgage when it became a holder of the note, "regardless of whether the mortgage [was] actually (or validly) assigned or delivered". *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶65.

{¶29} For the foregoing reasons, we find that appellant's assignment of error is without merit. The judgment of the trial court is affirmed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.