[Cite as *Beal Bank S.S.B. v. Elzy*, 2014-Ohio-3279.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| BEAL BANK S.S.B., | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0095** |
| LEVI N. ELZY, SR., et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2011 CV 00703.

Judgment: Affirmed.

*Kyle E. Timken*, Manley Deas Kochalski, LLC, 1400 Goodale Blvd., Suite 200, P.O. Box 165028, Columbus, OH  43216-5028 (For Plaintiff-Appellee).

*Bruce M. Broyles*, 5815 Market Street, Suite 2, Youngstown, OH   44512 (For Defendants-Appellants).


TIMOTHY P. CANNON, P.J.

{¶1}    Appellants, Levi N. Elzy, Sr. and Carolyn A. Elzy, appeal the judgment entry and decree of foreclosure in favor of appellee, Beal Bank S.S.B. ("Beal").  At issue is whether the trial court erred in finding that Beal had standing to file this action.  For the reasons that follow, we affirm the decision of the trial court.

{¶2}    In July 1997, appellants took title to a property at 530 Butler Road NE in Warren, Ohio ("the Property").  On July 18, 1997, appellants signed a promissory note

in favor of One Stop Mortgage, Inc. ("One Stop"). Appellants also granted a mortgage on the Property to One Stop to secure the debt evidenced by the note. The mortgage was filed July 24, 1997. The record reveals that the mortgage, together with the note, was assigned from One Stop to Aames Capital Corporation ("Aames") and later from Aames to Beal. The assignment of the mortgage from Aames to Beal was recorded with the Trumbull County Recorder on June 23, 2004.

{¶3} On March 31, 2011, Beal filed a complaint in foreclosure. Beal alleged it was entitled to enforce the note, pursuant to R.C. 1301.31, and that the mortgage was executed in connection with the execution of the note. Attached to the complaint was a copy of the mortgage and note. Copies of the assignments from One Stop to Aames and from Aames to Beal were also attached. The assignment from Aames to Beal was notarized and recorded on June 23, 2004, in the Recorder's Office of Trumbull County, Ohio.

{¶4} In the complaint, Beal alleged that the appellants' personal obligations on the note had been discharged under the United States Bankruptcy Code. Therefore, Beal was not seeking personal judgment against appellants, but to enforce its security interest. Beal alleged the note had been accelerated and was in default.

{¶5} Appellants filed an answer. Beal then filed a motion for summary judgment, and appellants filed a brief in opposition to Beal's motion for summary judgment. The trial court denied Beal's motion for summary judgment, indicating there was a question of material fact as to whether Beal was entitled to enforce the note based upon an endorsement from Aames to Bankers Trust Company of California,

N.A.[1] that was crossed out with a handwritten "cancelled." The matter was therefore set for a bench trial.

{¶6} At trial, Beal presented the original note as well as exhibits documenting the endorsement chain to Beal. Beal also presented the testimony of Bret Maloney, Senior Vice President of Default Management of its master servicer, MGC Mortgage, Inc. Mr. Maloney testified with respect to the assignment of the mortgage and further stated that Beal acquired the note and its interest in the note prior to filing the foreclosure complaint.

{¶7} In its judgment entry granting the foreclosure and sale of appellants' real estate, the trial court noted that, "[i]n addition to possessing the original note, the note contained a proper chain of specific endorsements leading to Plaintiff[,] and this Court finds that Plaintiff is the party entitled to enforce the instrument." The trial court further found that the sum due under the note was accelerated in accordance with the terms of the note and mortgage; that appellants "executed and delivered the mortgage referenced in the complaint[;] and that the mortgage secured the amounts due under the note."

{¶8} Appellants filed a notice of appeal from the entry and decree in foreclosure and assert the following assignment of error for our review:

{¶9} "The trial court erred in granting judgment in favor of the lender when it could not establish that it had standing to file the foreclosure action."

{¶10} Under appellants' sole assignment of error, they present the following two issues:

---

1. Bankers Trust Company of California, N.A. in trust for the benefit of Holders of Aames Mortgage Trust 1997-C Mortgage Pass-Through Certificates, series 1997-C.

3

[1.] The Lender did not establish at the time the complaint was filed that it had standing to file the complaint as the promissory note attached to the complaint did not have the allonge attached to it.

[2.] The trial court erred in determining that Appellee had standing to file the complaint when it could not explain the "cancelled" endorsement in the chain of title.

{¶11} Appellants maintain that Beal did not have standing to file this action. Contrary to appellants' arguments regarding the substance of Beal's complaint, however, Beal attached to its complaint the mortgage, the note, and the applicable assignments to establish standing to sue. *See Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶38-39.

{¶12} "Standing is a jurisdictional requirement which must be met before a common pleas court can proceed." *Fed. Home Loan Mtge. Corp. v. Koch*, 11th Dist. Geauga No. 2012-G-3084, 2013-Ohio-4423, ¶24, citing *Schwartzwald* at ¶22. The mortgage lender must demonstrate an interest in either the mortgage or promissory note to establish standing; this interest must exist at the time the foreclosure complaint is filed in the trial court. *Koch*, citing *Schwartzwald* at ¶25-27.

{¶13} At the time the complaint was filed, Beal attached a copy of the assignment documents. The first assignment, which was notarized and recorded with the Trumbull County Recorder, demonstrated the assignment from One Stop to Aames. The second assignment, which was also notarized and recorded with the Trumbull County Recorder, demonstrated the assignment from Aames to Beal. The assignment from Aames to Beal was recorded on June 23, 2004, prior to the filing of the complaint. *See* R.C. 5301.32.

{¶14} Beal also provided evidence that it became the holder of the note prior to the complaint being filed. The holder of an instrument is a "person entitled to enforce" the instrument under R.C. 1303.31. R.C. 1301.201(B)(21)(a) defines a holder of a negotiable instrument as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." Beal was in possession of the original note, which was inspected by the trial court and opposing counsel prior to its admission. The note was also specially endorsed from Aames to Beal. And the testimony indicates that this endorsement from Aames to Beal occurred prior to Beal filing its complaint.

{¶15} Both below and on appeal, appellants have maintained that a cancelled endorsement from Aames to Bankers Trust Company of California, N.A. raises an issue as to Beal's standing to foreclose on the mortgage. Appellants maintain that Beal should have been required to present evidence of the circumstances surrounding the use of an "X" and the word "cancelled." However, at trial, Beal presented the original note as well as a valid assignment of the mortgage. Beal also established that its interest existed at the time the foreclosure complaint was filed. *See Schwartzwald*, *supra*, ¶18-24 (holding that standing is required to present a justiciable controversy and is a jurisdictional requirement). Nothing suggests the cancelled endorsement affects Beal's status as the holder of the note. This court has previously noted that "the presence of voided endorsements does not create a genuine issue of fact in the face of evidentiary material establishing appellee as the holder of the note." *M & T Bank v. Strawn*, 11th Dist. Trumbull No. 2013-T-0040, 2013-Ohio-5845, ¶26. As a result, appellants' assignment of error is without merit.

{¶16} The judgment of the Trumbull County Court of Common Pleas is hereby affirmed.


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.