[Cite as *Green Tree Servicing, L.L.C. v. Brandt*, 2015-Ohio-4636.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| GREEN TREE SERVICING LLC, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-L-137** |
| THOMAS BRANDT, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 14 CF 000359.

Judgment: Affirmed.

*Jason A. Whitacre* and *Laura C. Infante,* The Law Offices of John D. Clunk Co., L.P.A., 4500 Courthouse Boulevard, Suite 400, Stow, OH 44224 (For Plaintiff-Appellee).

*Bruce M. Broyles,* 5815 Market Street, Suite 2, Youngstown, OH 44512 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Thomas Brandt, appeals the Judgment Entry of the Lake County Court of Common Pleas, foreclosing his interest in the subject property in favor of plaintiff-appellee, Green Tree Servicing LLC. The issue before this court is whether the presence of a void or cancelled indorsement to a note, without more, creates a genuine issue of material fact with respect to the note's negotiability or its holder's standing to enforce the note. For the following reasons, we affirm the Judgment of the court below.

**{¶2}** On February 13, 2014, Green Tree Servicing filed a Complaint in Foreclosure against Brandt, Jane Doe, Third Federal Savings and Loan Association of Cleveland, PNC Bank National Association, and the Lake County Treasurer. Green Tree Servicing alleged (First Count) that it was entitled to enforce a promissory note, "upon which there remains unpaid the sum of $132,000.00 plus interest." Furthermore, "by reason of a default in payment of the said note and the mortgage securing the same, [Green Tree Servicing] has declared said debt to be immediately due and payable."

**{¶3}** A copy of the note was attached to the Complaint. The note was executed on June 19, 2007, in favor of MortgageIT, Inc. The last page of the note carried an undated indorsement "without recourse" to Wells Fargo Bank, NA. This indorsement was struck through, initialed, and marked "VOID." Attached to the note was an allonge, which carried undated indorsements without recourse from MortgageIT to Countrywide Bank, FSB, from Countrywide Bank FSB to Countrywide Home Loans, Inc., and from Countrywide Home Loans, Inc. to blank.

**{¶4}** Green Tree Servicing also alleged (Second Count) that it was the holder of the mortgage securing the indebtedness and entitled to foreclosure of the same.

**{¶5}** A copy of the mortgage and its various assignments was attached to the Complaint. The mortgage was executed on June 19, 2007, in favor of MortgageIT, Inc. and conveyed to it the premises identified as 7605 Jeremy Avenue, Mentor, Ohio. On September 27, 2012, the mortgage was assigned from Mortgage Electronic Registration Systems Inc., "acting solely as nominee for Mortgageit, Inc.," to Bank of America, N.A.

On May 17, 2013, the mortgage was assigned from Bank of America, N.A. to Green Tree Servicing.

**{¶6}** On May 7, 2014, Brandt filed his Answer to Complaint.

**{¶7}** On October 30, 2014, Green Tree Servicing filed a Motion for Summary Judgment against Brandt and a Motion for Default Judgment against the remaining defendants.

**{¶8}** In support of the Motion for Summary Judgment, the Affidavit of Danilo P. Alfonso, Foreclosure Specialist for Green Tree Servicing, was attached. Alfonso stated that Green Tree Servicing "has had possession of the promissory note and mortgage prior to the filing of the Complaint and continuously since," and that copies of the promissory note and mortgage were true and accurate.

**{¶9}** No response in opposition to the Motion for Summary Judgment was filed.

**{¶10}** On December 8, 2014, the trial court issued a Judgment Entry, granting the Motions for Summary and Default Judgments, and ordering the defendants' "equity of redemption and dower * * * in and to said premises * * * foreclosed."

**{¶11}** On December 29, 2014, Brandt filed a Notice of Appeal. On appeal, Brandt raises the following assignment of error:

**{¶12}** "[1.] The trial court erred in granting summary judgment to Appellee when there was a genuine issue of material fact still in dispute."

**{¶13}** Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that

3

conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "Under this standard, the reviewing court conducts an independent review of the evidence before the trial court and renders a decision de novo, i.e., as a matter of law and without deference to the conclusions of the lower court." (Citation omitted.) *RBS Citizens, N.A. v. Struharik*, 11th Dist. Trumbull No. 2014-T-0111, 2015-Ohio-2612, ¶ 11.

**{¶14}** On appeal, Brandt maintains that a genuine issue of material fact exists as to whether Green Tree Servicing is entitled to enforce the note: the presence of the voided indorsement to Wells Fargo Bank in the note is inconsistent with the indorsements in the allonge which culminate in a blank indorsement effectively rendering the note "bearer paper," since the indorsements in the allonge do not include a transfer from Wells Fargo Bank. In particular, Brandt asserts that "[t]here is no provision in Ohio law for * * * cancelling an endorsement" by marking it with an "X" and writing the word "void." "[W]ithout any evidence before the trial court to explain the voided endorsement," the possibility exists that Wells Fargo Bank is the proper party to enforce the note and the trial court erred by construing the evidence to exclude this possibility. Appellant's brief at 5.

**{¶15}** Brandt's position is refuted by this court's decisions in *Beal Bank S.S.B. v. Elzy*, 11th Dist. Trumbull No. 2013-T-0095, 2014-Ohio-3279, and *M & T Bank v. Strawn*, 11th Dist. Trumbull No. 2013-T-0040, 2013-Ohio-5845. These cases stand for the

4

proposition that a void or cancelled indorsement, without more, does not create a genuine issue of material fact as to whether the holder of the note is entitled to enforce the same.

{¶16} In *Strawn*, the note contained three indorsements: "The first two—an endorsement to Countrywide Home Loans, Inc. and a blank endorsement from Countrywide Home Loans, Inc.—are stamped, 'VOID.' The third endorsement is from Countrywide to [M & T Bank]. None of the endorsements are dated." 2013-Ohio-5845, at ¶ 3. Summary judgment was granted in favor of M & T Bank. This court rejected Strawn's argument that the presence of the void indorsements called into question either the negotiability of the note or the holder's standing to enforce the note. *Id.* at ¶ 21 ("[a]ppellant does not cite to any law that indicates the presence of voided endorsements on the face of a note renders a subsequent negotiation invalid") and ¶ 26 ("the presence of voided endorsements does not create a genuine issue of fact in the face of the evidentiary material establishing appellee as the holder of the note").

{¶17} In *Elzy*, the trial court denied summary judgment on the grounds "there was a question of material fact as to whether Beal was entitled to enforce the note based upon an endorsement from Aames to Bankers Trust Company of California, N.A. that was crossed out with a handwritten 'cancelled[,]'" but concluded, following a bench trial, that Beal was entitled to enforce the instrument. 2014-Ohio-3279, at ¶ 5 and 7. On appeal, the Elzys maintained "that Beal should have been required to present evidence of the circumstances surrounding the use of an 'X' and the word 'cancelled.'" *Id.* at ¶ 15. Citing to *Strawn*, this court reaffirmed that the existence of the cancelled

indorsement did not affect or otherwise create a factual issue regarding "Beal's status as a holder of the note." *Id.*

{¶18} Likewise, we conclude that the void indorsement to Wells Fargo Bank does not create a genuine issue of material fact as to the negotiability of the note or Green Tree Servicing's standing to enforce it. To void an act is to render it without legal effect. The only reasonable interpretation of the stricken indorsement to Wells Fargo Bank is that the negotiation was without legal effect. The chain of indorsements originating from MortgageIt in the allonge were valid. Brandt has cited neither law nor facts to the contrary. As the indorsement has been rendered a nullity, we need not resolve the issue raised by Brandt of whether it was a "special indorsement" or an "anomalous indorsement."

{¶19} The sole assignment of error is without merit.

{¶20} For the foregoing reasons, the Judgment Entry of foreclosure rendered by the Lake County Court of Common Pleas is affirmed. Costs to be taxed against appellant.

CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.