[Cite as *Green Tree Servicing, L.L.C. v. Luce*, 2016-Ohio-1011.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| GREEN TREE SERVICING LLC, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-A-0022** |
| RUSSELL L. LUCE, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2013 CV 0922.

Judgment: Reversed and remanded.

*David J. Demers* and *Michelle L. Polly-Murphy,* Law Offices of Cooke & Demers, LLC, 3 North High Street, P.O. Box 714, New Albany, OH 43054 (For Plaintiff-Appellee).

*Bruce M. Broyles,* 5815 Market Street, Suite 2, Youngstown, OH 44512 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Russell L. Luce, appeals the Judgment Decree in Foreclosure rendered in the Ashtabula County Court of Common Pleas, foreclosing his interest in the property known as 366 South Ridge Road, Conneaut, Ohio, in favor of plaintiff-appellee, Green Tree Servicing LLC. The issues before this court are whether an averment in an affidavit that notice was "sent" is sufficient to satisfy the notice provisions of a note and mortgage; whether the indorsement of a promissory note

executed by a company claiming to do business under the fictitious name of the lender is sufficient to render the note bearer paper; and whether a trial court may consider for purposes of summary judgment copies of a note and mortgage attached to an affidavit, but not otherwise certified or identified as accurate copies of the originals. For the following reasons, we reverse and remand the Judgment of the court below.

{¶2} On December 24, 2013, Green Tree Servicing filed a Complaint for Money, Foreclosure and Other Equitable Relief and Mortgage Reformation against Luce, Luce's "unknown spouse," and the Ashtabula County Treasurer.

{¶3} On January 6, 2014, the Ashtabula County Treasurer filed its Answer.

{¶4} On January 31, 2014, Luce filed his Answer to Complaint.

{¶5} On March 3, 2014, Green Tree Servicing filed a Motion for Summary Judgment. In support of its Motion, the following Affidavit, dated February 7, 2014, was attached:

{¶6} I, Tonya M. Green, being first duly cautioned and sworn, do hereby state as follows:

> 1. That I have personal knowledge and information regarding all statements contained herein.
>
> 2. That I am the Foreclosure Specialist of Green Tree Servicing LLC, loan servicer for Green Tree Servicing LLC.
>
> 3. That on or about December 5, 2001, Russell L. Luce executed and delivered to MERS, Inc., as nominee for America's Wholesale Lender, further assigned to Green Tree Servicing LLC, a Note in the principal sum of $129,600.00.
>
> 4. That I have reviewed the loan file of Russell L. Luce and
> a. That Green Tree Servicing LLC is the assignee of the mortgage note in this subject action. Said mortgage note is attached hereto as "Exhibit A".

2

b. That Green Tree Servicing LLC is the holder of the mortgage note in this subject action. Said mortgage and assignments are attached hereto as "Exhibit B".

5. Pursuant to the terms and conditions of the Fixed Rate Note, Russell L. Luce was to make monthly payments to Green Tree Servicing LLC in the amount of $840.58.

6. The last regular monthly payment made by Russell L. Luce on his/her loan with Green Tree Servicing LLC was March 1, 2013. The account is presently due for the April 1, 2013 payment.

7. Pursuant to the acceleration clause of the note, Green Tree Servicing LLC accelerated the remaining payments, declared the note in default, and sent a notice of default and right to cure on June 21, 2013. [Handwritten:] *Said Notice is attached hereto as "Exhibit C".*

8. As of February 6, 2014 the payoff on this loan is $115,597.30. The principal balance on this loan is $107,373.89. The interest balance on this loan is $6,743.08.

9. As of February 6th, 2014 Russell L. Luce is delinquent on this account with Green Tree Servicing LLC in the amount of $12,171.98.

{¶7} On August 11, 2014, Luce filed a Memorandum in Opposition, in which he argued that Green's Affidavit was insufficient to demonstrate either that Green Tree Servicing has satisfied the conditions precedent to accelerating the balance due under the terms of the note and mortgage or that Green Tree Servicing is the holder of or otherwise entitled to enforce the note.

{¶8} On March 9, 2015, the trial court entered its Judgment Decree in Foreclosure, granting Green Tree Servicing's Motion for Summary Judgment and entering default judgment against the unknown spouse of Russell L. Luce. The court foreclosed Luce's equity of redemption in the subject premises and ordered it sold. The court decreed that "Plaintiff recover judgment against Defendant Russell L. Luce in the

3

sum of $113,165.57, with interest thereon at * * * 6.75% per annum from April 1, 2013 plus late charges until the date of the Sheriff's Sale of the Premises," with taxes owed to the Ashtabula County Treasurer and the costs of the action constituting a lien on the subject premises prior to that of Green Tree Servicing's lien.

{¶9} On March 30, 2015, Luce filed a Notice of Appeal. On appeal, Luce raises the following assignment of error:

{¶10} "[1.] The trial court erred in granting summary judgment to Appellee when there were genuine issues of material fact still in dispute."

{¶11} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "Under this standard, the reviewing court conducts an independent review of the evidence before the trial court and renders a decision de novo, i.e., as a matter of law and without deference to the conclusions of the lower court." (Citation omitted.) *Green Tree Servicing LLC v. Brandt*, 11th Dist. Lake No. 2014-L-137, 2015-Ohio-4636, ¶ 13.

{¶12} Luce's first argument is that Green Tree Servicing failed to establish that it complied with conditions precedent to accelerating the debt under the Note and Mortgage.

{¶13} The Note provides that, in the event of default, "the Note Holder [Green Tree Servicing] may send me [the borrower] a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest I owe on that amount," which date "must be at least 30 days after the date on which the notice is mailed to me or delivered by other means." The Note further provides that "any notice that must be given to me [the borrower] under this Note will be given by delivering it or by mailing it by first class mail * * *."

{¶14} The Mortgage provides that the "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument," and that notice "shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means."

{¶15} Luce faults Tonya Green's affidavit for "merely stat[ing] that the notice was 'sent,' without describing the manner in which the notice was sent" and not providing "evidence that the notice was delivered." Appellant's Brief at 5.

{¶16} Under this court's precedents, Green's averment that notice was "sent" on June 21, 2013, together with a copy of the notice sent, demonstrates compliance with the conditions precedent in the Note and Mortgage. The notice provisions do not mandate first class mail as the exclusive means of giving notice and there is no

5

evidence of a failure of delivery. Where the "evidence that notice was sent remains uncontradicted, the notice provisions must be deemed satisfied." *Bank of Am., N.A. v. Curtin*, 24 N.E.3d 1217, 2014-Ohio-5379, ¶ 23 (11th Dist.) (cases cited); *N.Y. Life Ins. & Annuity v. Vengal*, 2014-Ohio-4798, 23 N.E.3d 180, ¶ 20 (8th Dist.) (affiant's "statement that the notice of intent to foreclose 'was sent to [Vengal] on December 7, 2010 * * * at [the property address]' is sufficient to establish that New York Life sent the notice by first class mail, despite the fact that the affidavit does not specifically state that the notice was sent by first class mail or that it was sent by any other means") (cases cited).

{¶17} Luce's next argument is that Green Tree Servicing failed to demonstrate that it "possesses the promissory note, or that [it] is somehow a person entitled to enforce the promissory note." Appellant's brief at 6.

{¶18} The Note attached to Green's Affidavit identifies the Lender as America's Wholesale Lender. The second page of the Note contains an undated, blank indorsement "without recourse" by "COUNTRYWIDE HOME LOANS, INC. DOING BUSINESS UNDER THE FICTITIOUS BUSINESS NAME OF AMERICA'S WHOLESALE LENDER, A NEW YORK CORPORATION."

{¶19} The Mortgage attached to Green's Affidavit identifies Mortgage Electronic Registration Systems, Inc. (MERS) as the mortgagee "acting solely as a nominee for Lender," identified in turn as America's Wholesale Lender. An Assignment of Mortgage, attached thereto and dated June 17, 2013, states that MERS, "AS NOMINEE FOR AMERICA'S WHOLESALE LENDER * * * (ASSIGNOR)," assigns the "Mortgage together with all interest secured thereby" to Green Tree Servicing LLC.

6

{¶20} These documents effectively establish Green Tree Servicing's standing to foreclose the Mortgage based on its status as a holder of the Note and assignee of the Mortgage. We note, however, the confusion created by Green's Affidavit which indicates Green Tree Servicing is an "assignee" of the Note and a "holder" of the Mortgage. Despite the imprecision with which Green describes the transfer of the instruments, reasonable minds could only conclude that the Note has become bearer paper as a result of the blank indorsement and that the Mortgage has been assigned to Green Tree Servicing. That Green Tree Servicing is in possession of the Note is evidenced by Green's assertion that her Affidavit is based on her review of Luce's loan file.

{¶21} We reject Luce's contention that the Note did not become bearer paper because it was not "specially endorsed" by the named payee, America's Wholesale Lender. According to the indorsement on the Note, America's Wholesale Lender is merely a fictitious name under which Countrywide Home Loans, Inc. does business. There is no evidence in the record contradicting the claim. A "'[f]ictitious name' means a name used in business or trade that is fictitious and that the user has not registered or is not entitled to register as a trade name." R.C. 1329.01(A)(2). Corporations in Ohio have the right to adopt fictitious names "so long as it is not done with fraudulent purpose or against public policy." *McCaskey v. Sanford-Brown College*, 8th Dist. Cuyahoga No. 97261, 2012-Ohio-1543, ¶ 15. Given the record before this court, Countrywide Home Loans was competent to indorse the Note executed by Luce in favor of America's Wholesale Lender.

7

**{¶22}** Luce's final arguments challenge the sufficiency of Green's Affidavit on the grounds that it "does not describe her job duties, or provide any information about the manner in which Ms. Green obtained her personal knowledge" of the matters averred to and that she "does not aver that the attached [documents] are true and correct copies of the originals." Appellant's Brief at 8.

**{¶23}** Regarding the evidence which may be used to support a motion for summary judgment, Ohio Civil Rule 56(E) provides: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit."

**{¶24}** The Ohio Supreme Court has stated that "[t]he specific allegation in [an] affidavit that it was made upon personal knowledge is sufficient to meet this requirement of Civ.R. 56(E) and, if the adverse party contends otherwise, an opposing affidavit setting forth the appropriate facts must be submitted." *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981); *Nationstar Mtge. LLC v. Hayhurst*, 11th Dist. Trumbull No. 2014-T-0102, 2015-Ohio-2900, ¶ 26 (the "mere assertion of personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit") (citation omitted).

**{¶25}** In the absence of evidence to the contrary, Green's assertion of personal knowledge together with the averments that she is a foreclosure specialist with Green

Tree Servicing and has reviewed Luce's loan file satisfies the personal knowledge requirement of Civil Rule 56(E).

{¶26} "The requirement of Civ.R. 56(E) that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit, coupled with a statement therein that such copies are true copies and reproductions." *Corrigan* at 467; *Bank of Am., NA v. Jones*, 11th Dist. Geauga No. 2014-G-3197, 2014-Ohio-4985, ¶ 33; *Zeedyk v. Agricultural Soc. of Defiance Cty.*, 3rd Dist. Defiance No. 4-04-08, 2004-Ohio-6187, ¶ 19 ("[i]n order to authenticate the documents, the affiant needs to testify that they are true copies and reproductions of the original"). "[D]ocuments which are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and may not [be] considered by the trial court." (Citation omitted.) *Goss v. Kmart Corp.*, 11th Dist. Trumbull No. 2006-T-0117, 2007-Ohio-3200, ¶ 41; *Rilley v. Twp. of Brimfield*, 11th Dist. Portage No. 2009-P-0036, 2010-Ohio-5181, ¶ 66 ("[i]t bears repeating the well-settled rule that 'documents * * * must be sworn, certified or authenticated by affidavit to be considered by the trial court in determining whether a genuine issue of material fact exists for trial'") (citation omitted).

{¶27} The Note and Mortgage attached to Green's Affidavit are neither sworn, nor certified, nor authenticated. The Affidavit claims that "[s]aid mortgage note" and "[s]aid mortgage and assignments" are attached, but, in fact, only copies are attached. The copies are not notarized. There is no statement that the attached copies are true copies or reproductions of the original documents. Under this court's precedents, as well as those of virtually every other appellate district in Ohio, the trial court could not consider the Note or Mortgage in ruling on Green Tree Servicing's Motion for Summary

9

Judgment. *Smith v. Gold-Kaplan*, 8th Dist. Cuyahoga No. 100015, 2014-Ohio-1424, ¶ 16 ("[a]lthough the rule appears harsh, Ohio courts consistently apply this rule and recognize that 'documents that have not been sworn, certified, or authenticated by way of affidavit "have no evidentiary value"'") (citations omitted).[1]

{¶28} The sole assignment of error is with merit.

{¶29} For the foregoing reasons, the Judgment Decree in Foreclosure rendered in favor of Green Tree Servicing by the Ashtabula County Court of Common Pleas is reversed and this case is remanded for further proceedings consistent with this opinion. Costs to be taxed against the appellee.


CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.

---

1. We note that "[a] trial court may, in its discretion, consider improperly introduced evidentiary materials during the summary judgment exercise where the opposing party fails to object." (Citation omitted.) *Discover Bank v. Damico*, 11th Dist. Lake No. 2011-L-108, 2012-Ohio-3022, ¶ 15. However, Luce argued, in a Memorandum in Opposition to Motion for Summary Judgment, that the trial court "should not consider the documents attached to the affidavit" as they did not comply with Civil Rule 56(E).