[Cite as *Bank of Am. v. Babik*, 2016-Ohio-1156.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**


| | | |
|---|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, L.P., fka, COUNTRYWIDE HOME LOANS SERVICING, L.P., | : : : | **O P I N I O N** |
| | : | **CASE NO.  2014-G-3243** |
| Plaintiff-Appellee, | : | |
| - vs - | : | |
| | : | |
| MILDRED BABIK, aka, MILDRED M. BABIK, et al., | : | |
| Defendants-Appellants. | : | |


Civil Appeal from the Geauga County Court of Common Pleas, Case No. 13 F 000265.

Judgment: Affirmed.


*Eric T. Deighton,* Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 24755 Chagrin Boulevard, Suite 200, Cleveland, OH 44122 (For Plaintiff-Appellee).

*Marc E. Dann,* Dann, Doberdruk & Harshman, LLC, 4600 Prospect Avenue, P.O. Box 6031040, Cleveland, OH  44103 (For Defendants-Appellants).



DIANE V. GRENDELL, J.

{¶1}    Defendants-appellants, Mildred Babik and Beverly Ann Babik, appeal the Judgment Entry rendered by the Geauga County Court of Common Pleas, granting summary judgment in favor of plaintiff-appellee, Green Tree Servicing LLC, and foreclosing their interest in the property known as 7184 Wilson Mills Road, Chesterland, Ohio.  The issue before this court is whether it is necessary for a substitute plaintiff,

having acquired its interest in a note and mortgage during the course of foreclosure proceedings, to explain the circumstances in which it acquired its interest beyond establishing its status as a holder of the note and assignee of the mortgage. For the following reasons, we affirm the decision of the court below.

{¶2} On March 27, 2013, Bank of America, as successor by merger to BAC Home Loans Servicing, L.P., filed a Complaint against the Babiks, their "unknown" spouses, and Midland Funding LLC, seeking a money judgment and foreclosure of the defendants' interest in the property located at 7184 Wilson Mills Road. The Complaint alleged that the Babiks were in default of payment of a note and mortgage securing the property, Bank of America "has performed all conditions precedent required to be performed by it," and "there is due and unpaid thereon the sum of $69,948.23 plus interest at the rate of 7.125% per annum from May 1, 2011, and late charges."

{¶3} On the same date, a Preliminary Judicial Report was filed. The Report identified the following interests: "Mortgage from Mildred M. Babik and Beverly Ann Babik, to MidFirst Bank * * * in the original amount of $80,000.00, dated January 26, 2002, filed * * * and recorded in Official Records Book * * * of Geauga County Records"; "Said Mortgage was assigned to Countrywide Home Loans, Inc., * * * by separate instrument, dated February 25, 2002, filed for record July 8, 2002 * * * and recorded in Official Records Book * * * of Geauga County Records"; and "Said Mortgage was assigned to BAC Home Loans Servicing, L.P., fka Countrywide Home Loans Servicing, L.P., * * * by separate instrument, dated July 20, 2011, filed for record August 1, 2011 * * * and recorded in Official Records Book * * * of Geauga County Records."

{¶4} On April 30, 2013, the Affidavit of Katherine Weir was filed with the trial court. Attached to the Affidavit were records attesting the amount of the Babiks'

indebtedness. Weir, "an officer of Bank of America, N.A.," averred that she "personally reviewed the attached records" and they "are true and correct copies from the business records." She further averred that Bank of America "has possession of the promissory note and held the note at the time of filing the foreclosure complaint," and that Bank of America "is the assignee of the security instrument for the referenced loan." Weir also averred that, in addition to the indebtedness for the note, Bank of America had advanced funds in the amount of $6,591.52 for taxes, insurance, and property preservation.

{¶5} On June 27, 2013, the Babiks filed an Amended Answer Instanter.[1] Among the affirmative defenses raised, it was alleged that "Plaintiff has failed to comply with the conditions precedent to acceleration of the note."

{¶6} On August 22, 2013, Bank of America filed a Motion for Summary Judgment.

{¶7} In a separate filing on the same date, Bank of America submitted the Affidavit of Attorney Richard L. McNellie, authenticating "copies of documentation obtained * * * from the Office of the Secretary of State of Texas and the Office of the Secretary of State of Ohio." The attached records documented an amendment to a certificate of limited partnership, amending the name of the partnership from Countrywide Home Loans Servicing, LP to BAC Home Loans Servicing, LP, and the merger of BAC Home Loans Servicing, LP with Bank of America, National Association, with Bank of America constituting the surviving entity.

---

1. On April 9, 2013, Mildred Babik wrote a letter to the trial court, which was construed as an answer to the Complaint.

3

**{¶8}** On September 23, 2013, the Babiks filed a Brief in Reply to Plaintiff's Motion for Summary Judgment.

**{¶9}** On November 1, 2013, the trial court overruled Bank of America's Motion for Summary Judgment on the grounds that it "failed to authenticate, incorporate by reference, or attach the Note and Mortgage to Ms. Weir's affidavit."

**{¶10}** On November 20, 2013, Bank of America filed a Notice of Substitution of Plaintiff, advising that Green Tree Servicing LLC has been assigned the mortgage by Bank of America. A copy of the assignment was attached to the Notice.

**{¶11}** On March 11, 2014, Green Tree Servicing filed a Renewed Motion for Summary Judgment with New Affidavit in Support. Attached to the Motion was the Affidavit of Gretchen Waggener, Foreclosure Supervisor for Green Tree Servicing. Waggener averred that she has "personal knowledge of Plaintiff's procedures for creating [business] records" and has "personally reviewed the attached records," which are "true and accurate copies" of the promissory note, mortgage, and mortgage assignments.

**{¶12}** Also attached to Waggener's Affidavit were a loan payment history and notice of acceleration. Waggener averred that Bank of America "mailed the notice of acceleration * * * to Mildred Babik and Beverly Babik by ordinary first class mail sent to 7184 Wilson Mills Road."

**{¶13}** On October 31, 2014, the Babiks filed their Opposition to Plaintiff's Renewed Motion for Summary Judgment.

**{¶14}** On November 12, 2014, Green Tree Servicing filed its Reply to the Babiks' Opposition.

4

**{¶15}** On November 21, 2014, the trial court issued a Judgment Entry, granting Green Tree Servicing's Motion for Summary Judgment and entering default judgment against the unknown spouses and Midland Funding. The court found that the Babiks owe Green Tree Servicing "the sum of $69,948.23 plus interest at the rate of 7.125% per annum from May 1, 2011, plus applicable late charges" as well as "sums advanced and to be advanced." The court foreclosed the Babiks' equity of redemption in the subject premises and ordered it sold.

**{¶16}** On December 15, 2014, the Babiks filed their Notice of Appeal. On appeal, the Babiks raise the following assignments of error:

**{¶17}** "[1.] The trial court erred when it granted a judgment of foreclosure to appellee Bank of America [sic] when material issues of fact remained for trial and the affidavit of Gretchen Waggener was not made upon personal knowledge and did not authenticate merger documents."

**{¶18}** "[2.] The trial court erred by granting a judgment of foreclosure when appellee did not demonstrate compliance with all conditions precedent to foreclosure."

**{¶19}** Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "Under this standard, the reviewing court

5

conducts an independent review of the evidence before the trial court and renders a decision de novo, i.e., as a matter of law and without deference to the conclusions of the lower court." (Citation omitted.) *Green Tree Servicing LLC v. Brandt*, 11th Dist. Lake No. 2014-L-137, 2015-Ohio-4636, ¶ 13.

**{¶20}** In their first assignment of error, the Babiks challenge the sufficiency of Gretchen Waggener's Affidavit: "The Affidavit of Gretchen Waggener does not appear to be made upon personal knowledge because she does not state that she ever viewed Appellants Mildred Babik and Beverly Ann Babik's original note in person * * * and does not explain whether or when Green Tree Servicing LLC obtained possession of the original note." Appellants' brief at 10. We disagree.

**{¶21}** Waggener's Affidavit states that "Plaintiff [Green Tree Servicing] has possession of the promissory note" and that "a true and accurate copy [thereof] is attached hereto." She further averred that the note is taken from Green Tree Servicing's business records with which she is familiar "as part of [her] job responsibilities" and which she has "personally reviewed." *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981) ("[t]he specific allegation in the affidavit that it was made upon personal knowledge is sufficient to meet this requirement of Civ.R. 56(E) and, if the adverse party contends otherwise, an opposing affidavit setting forth the appropriate facts must be submitted"). The import of these uncontradicted statements is that Green Tree Servicing is in possession of the original note. The note is indorsed in blank and so Green Tree is entitled to enforce it. *Bank of N.Y. Mellon v. Bobo*, 4th Dist. Athens No. 14CA22, 2015-Ohio-4601, ¶ 32 ("[b]y virtue of its possession of the note endorsed in blank, [the bank] was the holder of the note and entitled to enforce the note under Ohio law") (citation omitted); *Wells Fargo Bank, N.A.*

6

*v. Watson*, 11th Dist. Ashtabula No. 2014-A-0062, 2015-Ohio-2599, ¶ 47. The actual circumstances under which it obtained the note from Bank of America are not relevant. *Nationstar Mtge., L.L.C. v. Wagener*, 8th Dist. Cuyahoga No. 101280, 2015-Ohio-1289, ¶ 35 (finding no authority to support the contention "that specific documentary evidence must be produced establishing how, when and by what means a party came into possession of a note in order to establish standing for summary judgment purposes").

**{¶22}** The Babiks also contest the statement in Waggener's Affidavit that "Bank of America, N.A. held the note at the time of filing the foreclosure complaint," as "[s]he is not an employee or agent of Bank of America and there is no exhibit attached to her affidavit to support that statement." Appellants' brief at 11; *Deutsche Bank Natl. Trust Co. v. Dvorak*, 9th Dist. Summit No. 27120, 2014-Ohio-4652, ¶ 13 ("[a]lthough Evid.R. 803(6) permits introduction of records of regularly conducted activity, that exception concerns the introduction of the documents themselves, not oral testimony," so that an affiant is prevented from "averring to the *content* of the business records that are not attached to her affidavit") (citation omitted).

**{¶23}** The Babiks' contention is immaterial in the present case. That Bank of America was in possession of the note at the time it filed the Complaint is established by the Affidavit of Bank of America employee Katherine Weir, who was competent to testify as to Bank of America's possession of the note based on her personal knowledge of the relevant loan documents.

**{¶24}** Similarly, the Babiks argue "there were no merger documents attached to the Affidavit of Gretchen Waggener." Appellants' brief at 13. The Babiks overlook the fact that merger documents were attached to the Affidavit of Attorney McNellie.

**{¶25}** The first assignment of error is without merit.

{¶26} In their second assignment of error, the Babiks contend that Green Tree Servicing failed to establish compliance with all conditions precedent to accelerate the debt. According to the terms of the note, the borrowers may be made "to pay immediately the full amount of Principal which has not been paid" by providing notice, either "by delivering it or by mailing it by first class mail * * * at the Property Address [identified in the note]." The Babiks assert that "Gretchen Waggener testified the letter was sent but did not attach or properly authenticate the letter." Appellants' brief at 16.

{¶27} Contrary to the Babiks' position, a Notice of Intent to Accelerate was attached to Waggener's Affidavit. Furthermore, she averred that notice was mailed "to Mildred Babik and Beverly Babik by ordinary first class mail sent to 7184 Wilson Mills Road."

{¶28} The second assignment of error is without merit.

{¶29} For the foregoing reasons, the Judgment of the Geauga County Court of Common Pleas, granting Green Tree Servicing's Motion for Summary Judgment and foreclosing the subject property, is affirmed. Costs to be taxed against the appellants.

TIMOTHY P. CANNON, J.,

THOMAS R. WRIGHT, J.,

concur.

8